be had for some of the reasons mentioned in the case of *Curley* v. *Tomlinson*, 5 Daly, 283.[1] The defendant has not brought this application within the rule laid down in *Curley* v. *Tomlinson*. No controlling decision, no statute decisive of the case, has been overlooked, and no better reason for a reargument has been assigned than the opinion of counsel that the court ought to have adopted the views that his associate urged on the original argument.

Nor does there seem to be any reason for our allowing the defendant to appeal to the court of appeals. It may be true that the reasons assigned by Justice CLANCY for his decision are unsound and unsatisfactory, but that is not a good ground for our authorizing an appeal. The question was, is the decision right? The justice's mental processes were of no consequence, if his conclusion was correct. He decided this case upon the facts, and the former general term thought that that conclusion is sound. The record of the conviction of the defendant did not, we can confidently say, anywise affect his conclusion that the defendant had kept a gaming-house on the demised premises. The justice explicitly said that the record of conviction was useful only for the purpose of showing why the defendant no longer permitted gaming to be carried on, but that it was upon other evidence that he found that the defendant was guilty of keeping a gambling-house. The court of appeals does not sit to review questions of fact, and there are no questions of law involved that seem to us to require consideration by the court of last resort. The motion for a reargument, and the motion for leave to go to the court of appeals, are both denied, with $10 costs.

---

## *In re* GILLIGAN'S ESTATE.

### (*Surrogate's Court, New York County.* November 3, 1888.)

1. EXECUTORS AND ADMINISTRATORS — ACCOUNTING — PARTIES — RECEIVER IN SUPPLEMENTARY PROCEEDINGS.

   A receiver in supplementary proceedings may appear on the accounting of the debtor as administrator of his deceased wife, under Code Civil Proc. N. Y. § 2743, providing that, where an account has been settled, and any part of the estate remains to be distributed to creditors, legatees, etc., or their assigns, the decree must direct its payment and distribution.

2. DESCENT AND DISTRIBUTION—RIGHT OF SURVIVING HUSBAND.

   Where a wife leaves no heirs or next of kin, her husband is, under 3 Rev. St. N. Y. pt. 2, art. 3, § 79, entitled to her entire estate in his own right, and, having exhausted it for his own uses before the appointment of a receiver in supplementary proceedings on an execution against him, the receiver can receive nothing from him as his wife's administrator.

On settlement of the accounts of Thomas Gilligan, executor of Hannah Gilligan, deceased.

*Wm. J. Kane,* for administrator.    *W. H. Mundy,* for receiver.

RANSOM, S. Letters of administration on the estate of decedent were issued to Thomas Gilligan, her husband, in December, 1881. George Grau recovered a judgment against said Thomas Gilligan, in the city court, and instituted proceedings supp'ementary to execution in said action, in which Theodore Martzloff was appointed receiver, with the usual powers and duties. As such receiver he filed a petition in this court for a compulsory accounting herein, and subsequently a voluntary proceeding was instituted by the administrator, and the two proceedings merged. The account of the administrator was duly filed, and objections thereto were duly made and filed by the

---

[1] The court in this case adopts the rule laid down by the court of appeals in *Mount* v. *Mitchell*, 32 N. Y. 702, which is as follows: "Motions for reargument should be founded on papers showing clearly that some question decisive of the case, and duly submitted by counsel, has been overlooked by the court; or that the decision is in conflict with an express statute, or with a controlling decision, to which the attention of the court was not drawn, through the neglect or inadvertence of counsel."

receiver. The matter was sent to a referee, who has filed his report, to which the administrator has filed exceptions. The first exception is to the first finding or conclusion of law, that Theodore Martzloff, as receiver, was entitled to and properly did appear in this proceeding. Section 2734, Code Civil Proc., provides that where an account is judicially settled, as prescribed in this article, and any part of the estate remains and is ready to be distributed to the creditors, legatees, next of kin, husband, or wife of the decedent, or their assigns, the decree must direct the payment and distribution thereof, etc. This receiver is the assignee of the administrator's share in his wife's estate. In *Gibbons* v. *Shepard*, 2 Dem. 247, it was held that, not only could one claiming as assignee of a legatee's interest intervene upon the judicial settlement of the executor's account, under section 2743, but that an assignee of a legacy or distributive share should be cited to attend proceedings for accounting and distribution. There can be no doubt but that this receiver was entitled to, and properly did, appear on the accounting. The exception is overruled.

The referee has charged the administrator with a large sum for rent from 1881 to 1886. He also finds as a fact that prior to the appointment of the receiver the said administrator used the balance of the estate for his individual uses, and that he was the husband of intestate, who has no heir or next of kin. The administrator was entitled to the entire estate in his right as the husband of intestate. 3 Rev. St. pt. 2, art. 3, § 79. Hence it follows that the receiver could receive nothing in the right of the judgment debtor, because the administrator had nothing in his hands as such administrator belonging to him. The referee's report in this respect is erroneous, and must be overruled.

---

### *In re* KENNEDY'S ESTATE.

(*Surrogate's Court, Cayuga County.* November, 1888.)

1. EXEMPTIONS—PENSION MONEY—DEPOSIT IN BANK—INTEREST-BEARING CERTIFICATES.
   One who deposits exempt pension money in bank, taking an interest-bearing certificate of deposit, receives property in return, and the right of exemption is lost.
2. WILLS—CONSTRUCTION—PAYMENT OF DEBTS—EXEMPTIONS.
   Where a testator directs the payment of his debts, and subsequently gives certain specific legacies, exempt pension money belonging to him is appropriated to, and must be applied upon, the debts, in preference to the legacies.

On petition for citation by Henrietta E. Hoxie, asking for a judicial settlement of the accounts of Anna E. Kennedy and Sarah L. Downer, as executrices of Terrence J. Kennedy. Petitioner is a creditor of decedent, and claims certain property, which legatees contend was exempt, and passed to them under the will.

*Turk & Barnum,* for petitioner and Sarah L. Downer. *Drummond & Nellis,* for Anna E. Kennedy. *F. S. Wright,* special guardian of Frank K. Copper.

TELLER, S. A petition was filed on the 13th day of June, 1888, by Henrietta E. Hoxie, a creditor, asking that the executors be cited to show cause why they should not render and settle their accounts. A citation was thereupon issued in accordance with the prayer of the petition, returnable July 6th. The proceeding was continued to July 12th, at which time both executors appeared and filed separately petitions for the judicial settlements of their accounts, upon which citations were issued to all parties who were shown to be interested in the estate of the decedent, and an order of publication was granted. Upon the 4th day of September, the return-day of such citation, the petitioner appeared by her counsel, each of the executors appeared by counsel, and a special guardian was appointed to represent the above-named infant. The proceeding after the filing of proof of the service of citation was again adjourned. Separate accounts were filed by the executors, October 16,