1. EXECUTORS AND ADMINISTRATORS—JUDICIAL SETTLEMENT—PARTIES—PERSONS INTERESTED IN ESTATE.

  Code Civ. Proc. § 2728, provides that a person "interested in an estate," though not cited, may appear at the hearing of an application for the judicial settlement of the administrator's account, and make himself a party to the proceeding. *Held*, that where decedent left nephews and a niece, who, under the statute of distributions, took the entire estate, descendants and representatives of deceased uncles and aunts of decedent were not "persons interested in the estate," within such section, and hence were not entitled to intervene in proceedings to settle the administrator's accounts, under such section.

Judicial settlement of the accounts of Caroline Blish Thompson as administratrix, and Thomas Kerley as administrator, of the estate of Frank Thompson, deceased. On application by Emma T. Smith and others to intervene. Application denied.

Edgar T. Brackett and Scott & Brown, in support of application.

John H. Burke, Goodwin, Thompson & Vanderpoel, and Guthrie, Cravath & Henderson, opposed.

LESTER, S. Emma Thompson Smith and others, claiming to be interested in the estate of the decedent, appeared upon the hearing in the proceeding instituted by the administrators for the judicial settlement of their account, though not cited, and claimed the right thus to make themselves parties to the proceeding pursuant to the provision of section 2728 of the Code of Civil Procedure. In the petition for leave to intervene they state the facts upon which their claim is founded, and it appears thereby that they are all descendants of the decedent's uncles and aunts, who, if now living, would take a distributive share of his estate in common with his nephews and niece, as they would stand in the same degree of relationship to him. The petitioners claim to take, as representatives of such deceased uncles and aunts, the shares which they would take if living. This claim is denied by the nephews and niece and by the accounting parties, who contend that the estate goes to the nephews and niece to the exclusion of the cousins, upon the authority of the decision in the Davenport Case, 172 N. Y. 454, 65 N. E. 275, and that, because the statute as there construed would exclude them from any participation in the estate, they cannot exercise the right to intervene in this proceeding, which is given only to persons interested in the estate.

If the construction thus given to the statute of distributions is to be regarded as binding upon the conscience of this court, and if the Legislature is to be deemed to have employed the language used in the section referred to in its plain, obvious, and ordinary meaning, escape from this contention seems impossible.

· I am urged, however, by the petitioners, and not without some show of reason, to give a construction to section 2728 that departs to some extent from the natural meaning of its language. Though this section, in terms, gives the right to intervene to creditors and

persons interested in the estate, and to none others, it was held in Tucker v. Tucker, *43 N. Y. 136, that the right extended to all who claimed to be creditors; that, contrary to the usual rule that the surrogate has incidental authority to do whatever is necessary for the proper discharge of his duties, he possessed no power to try a disputed claim; and that such a power was not to be implied from the language of the section. Being thus without power to determine who were creditors and who were not, he was driven to the extremity of allowing any person who claimed to be one to intervene in a proceeding for the judicial settlement of the account of an executor or administrator. In other words, the Legislature, to whose supposed inability to correctly express its intention so much is often conceded, did not mean "creditors" when it said "creditors," but meant, instead, "persons claiming to be creditors." This doctrine, though differing from that maintained by the surrogate of Cattaraugus county in the Matter of Strickland, 5 N. Y. Supp. 851, seems to be fortified by sufficient authority, and must now be accepted as established. Upon the strength of this construction, the counsel for the petitioners urge with great force that, since it has been held that the Legislature meant "persons claiming to be creditors" when it said "creditors," it must be understood as having meant "persons claiming to be interested in the estate" when it said "persons interested in the estate." I am unable, however, to go to that extent. The elaborate machinery contained in the Code, devised for the trial of disputed claims by other tribunals, coupled with the peculiar phraseology of section 2743 of the Code, which provides only for the payment of debts where their validity is admitted or has been established, might lead to the conviction that such an important jurisdiction as determining who are creditors was not intended to be conferred by the Legislature upon the surrogate by implication, and for an incidental purpose; but no such reasons compel a departure from the plain language of the section as to persons interested in the estate.

It is, I suppose, well settled that a surrogate has power, for the purpose of distributing the estate to the persons entitled as legatees, next of kin, husband, or wife, according to their respective rights, to ascertain who are the persons interested, and what is the amount to which each is entitled. Fowler v. Lockwood, 3 Redf. Sur. 465; Du Bois v. Brown, 1 Dem. Sur. 317; Gibbons v. Shepard, 2 Dem. Sur. 247; Matter of Collyer, 4 Dem. Sur. 24; Matter of Thompson, 5 Dem. Sur. 117–124; Matter of Gilligan, 1 Con. Sur. 137, 3 N. Y. Supp. 17; Matter of George, 1 Con. Sur. 241–251, 3 N. Y. Supp. 426; Riggs v. Cragg, 89 N. Y. 479. This result must be accepted, though to reach it the benign interposition of the courts was again necessary, to avert the consequences of the ordinary meaning of the language employed by the Legislature by holding that the supreme lawmaking power of the state suffered a lapsus linguæ when, in section 2743 of the Code, it spoke of the validity of a distributive share being disputed, and that we must deem the words "distributive share" to have been inadvertently inserted in this place. Du Bois v. Brown, 1 Dem. Sur. 317. Since, then, we may conclude that the surrogate has jurisdiction to determine who are legatees and next

of kin, though he may have no jurisdiction to determine who are creditors, we are not driven to the extremity of holding that when the Legislature said, in section 2728 of the Code, "persons interested in the estate," it meant "persons claiming to be interested in the estate," but are permitted to believe that it meant what it said. We are strengthened in this opinion by the language of subdivision 11 of section 2514, where it is expressly provided that where a provision of chapter 18 prescribes that a person interested may object to an appointment, or may apply for an inventory, an account, or increased security, an allegation of his interest, duly verified, suffices, although his interest is disputed. If the Legislature had intended this rule to apply to the case of an application on the part of a person interested to be made a party to a proceeding by an administrator for the judicial settlement of his account, it is fair to assume it would in the same place have expressed such intention. It seems that here the maxim, "Expressio unius est exclusio alterius," should apply.

I think, therefore, that a person seeking to intervene in such a proceeding as the present must first establish his interest in the estate. This is the general rule, well stated by the learned counsel for the petitioners in his brief, that, where there is a preliminary question as to the right of one of the parties to bring an action or to intervene, the court is to try such question and determine the status of the parties before passing upon the final rights with respect to which the action is brought. Accordingly, where, upon an application for the probate of a will, a woman sought to contest probate, claiming to be the common-law wife of the testator, it was held that the surrogate had the right first to determine the question as to whether the alleged widow was in fact such, and had any status in court. Matter of Hamilton's Will, 76 Hun, 200, 27 N. Y. Supp. 813. See, also, to the same effect, Matter of Peaslee's Will, 73 App. Div. 113, 25 N. Y. Supp. 940; Matter of Comins' Estate, 9 App. Div. 492, 41 N. Y. Supp. 323.

It seems clear to me, after a careful reading of the statute and a careful review of the authorities, that it is my duty, before proceeding with this accounting, to determine whether the persons presenting the petition are persons interested in the estate of the decedent. A contrary course might often subject executors and administrators to the burden of submitting their accounts to, and contesting the correctness of them with, those who had no interest in them, nor in the estates to which they related. I am, therefore, constrained to decide, upon the authority of the Davenport Case, that the petitioners are not interested in the estate involved in this proceeding, and have no right to intervene. The Court of Appeals having given authoritative construction of the statute of distributions in its application to the rights of the parties now before the court, I am not at liberty to indulge opinions that I might otherwise entertain as to the legislative intent, which might deviate from the exposition given to it by the supreme judicial authority of the state. The motion to intervene must therefore be denied, and an order to that effect may be entered.

Motion denied.