---

### In re HIGGINS' ESTATE.

#### (Surrogate's Court, Tompkins County. July 7, 1915.)

EXECUTORS AND ADMINISTRATORS ☞85—DISCOVERY OF ASSETS—STATUTES—EXAMINATION—TRIAL OF ISSUES—JURISDICTION OF SURROGATE.

Under Code Civ. Proc. § 2675, as amended by the Surrogate's Law (Laws 1914, c. 443), permitting a personal representative to present a petition showing that personal property which should be delivered to him is in the possession of one withholding it, and praying an inquiry, and that the respondent be directed to deliver it, and section 2676, as amended, providing that, if the person directed to appear answers, denying any knowledge or possession of property belonging to the decedent, he shall be examined, and that, if the answer alleges title to or right to possession of any property involved, the issue thereby raised shall be determined, respondent, whose answer alleged possession, custody, and title of a real estate mortgage fully setting forth the assignment thereof and the records, was not subject to examination; and, on his demand of a settlement of the issues, involving the effect and validity of two assignments, the Surrogate's Court was without jurisdiction, such issues being exclusively within the jurisdiction of the Supreme Court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 329–358; Dec. Dig. ☞85.]

Proceeding by the administrator of the estate of Gilbert S. Higgins, deceased, against Robert L. Speed and another for the discovery of property. Proceeding dismissed without prejudice to an action in the Supreme Court.

---

David M. Dean, of Ithaca (Wm. Nelson Noble, of Ithaca, of counsel), for petitioner.

Miller & Stephens, of Ithaca, for respondents.

SWEETLAND, S. The administrator presented a petition, prepared in conformity with section 2675 of the Code of Civil Procedure, alleging in substance that the respondents have the custody, possession, or control of property of the intestate, whereupon an order for the examination of the respondents was duly granted, proper service made, and the respondents appeared in court on the return day of the order, interposing an answer raising an issue of title and setting up claim of ownership. The property in question is a real estate mortgage, which was assigned during the lifetime of the intestate to the respondent Robert L. Speed, and thereafter by him assigned to the respondent Romelia A. Speed, both assignments being regular in form. The answer concludes with the allegation that the said Romelia A. Speed is now the owner and holder of said mortgage. ·

The determination of the question herein involves the construction of sections 2675 and 2676 of the Code of Civil Procedure as amended and in effect on the 1st day of September, 1914. In this consideration we are but little aided by judicial decisions, inasmuch as there are but few reported cases where those sections have been considered since the revision.

The respondents claim the right to a jury trial by their answer, and insist that they ought not to submit to an examination, inasmuch as it would be needless, and would enable the petitioner to make the respondents witnesses, and deprive them of the benefit of section 829 of the Code of Civil Procedure, and thereafter and on the trial respondents might be precluded from testifying as to personal transactions with the decedent. The former section 2709 of the Code of Civil Procedure is partly embodied in section 2676 of the present Code, but the former section contained this important provision:

"If the witness is examined concerning any personal communication or transaction between himself and the decedent, all objection under section 829 to his testimony as to the same in future litigation is waived. Either party may produce further evidence, in like manner and with like effect as on a trial."

This important qualification finds no place in section 2676 of the Code of Civil Procedure, which reads as follows:·

"If the person directed to appear submits an answer denying any knowledge concerning, or possession of, any property which belonged to the decedent in his lifetime, or shall make default in answer, he shall be sworn to answer truly all questions put to him touching the inquiry prayed for in the petition. If it appears that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him. If such answer alleges title to or the right to possession of any property involved in the inquiry, the issue raised by such answer shall be heard and determined and a decree made accordingly."

The answer does allege possession, custody, and title in one of the respondents, and sets forth the transaction, means, and sources of title, with a full statement of the records thereof and place of recording.

The respondents, by their answer, have made unnecessary an examination, and the only remaining question before the court is the consideration of the trial of the issues raised by the petition and answers. This view seems to be in harmony with the Silverman Case, 87 Misc. Rep. 571, 151 N. Y. Supp. 382, and the Capria Case, 89 Misc. Rep. 101, 151 N. Y. Supp. 385, wherein Surrogate Fowler discusses the sections under consideration. We also have text-book authority in Heaton on Surrogate's court, vol. 2, page 1055, as follows:

"An answer may be submitted by the respondent denying possession, or unlawful possession, or any knowledge of the subject-matter, or he may fail to answer, in either of which cases he shall be examined, and a decree made in accordance with the facts. Such a decree will affect the possession or right to the possession of the property mentioned. If, however, the respondent files an answer raising an issue of title, or alleges a right to possession, then such issue shall be tried in the usual manner of a trial, instead of an examination being held. Such trial must be before the surrogate or before the surrogate and a jury, as the parties elect."

The words of Judge Heaton, because of his wide experience, as well as his intimate knowledge of the work of the revision committee, are helpful in considering this question. So, under the case presented, an examination ought not to be had, and is therefore denied.

The respondents demand settlement of issues and a jury trial. If their demand is to be granted, it must be on the theory that the Surrogate's Court has concurrent jurisdiction with the Supreme Court in this matter. It will be necessary for a proper determination of the questions involved to determine the effect and validity of the two assignments of mortgage involving equity jurisdiction and powers, which I believe the Constitution has not yet vested in the Surrogate's Court. I am supported in this view by the opinions of surrogates of experience, who are now serving on the constitutional convention, who believe the jurisdiction of the Surrogate's Court is limited in this respect, and have introduced in that convention a proposed amendment to the present Constitution, giving to Surrogate's Courts jurisdiction to determine whatever question may arise in proceedings in that court. Such amendment would be unnecessary if the Surrogate's Court now possessed that jurisdiction. I am convinced that it was not the intention of the Legislature to vest in the Surrogate's Court the equity jurisdiction which the respondents seek to invoke herein. I know of no authority to justify the Surrogate's Court in entertaining a proceeding to set aside conveyances. This we have assumed to be a function of a court of equity. A situation is herein presented wherein the relief sought by the petitioner is beyond the jurisdiction of this court. The proposed trial would involve questions which we have supposed to be exclusively within the jurisdiction of the Supreme Court, and not within the jurisdiction of the Surrogate's Court.

I believe the proceedings should be dismissed, but, as the law is unsettled and the questions new, it ought to be without costs to either party as against the other. The administrator, if he desires to pursue the matter further, may begin an action in the Supreme Court for the relief to which he believes he is entitled, without the embarrassment of jurisdictional questions therein arising. This dismissal is without prejudice to the bringing of an action in Supreme Court.