(92 Misc. Rep. 96)

## In re REINHARDT'S WILL.

(Surrogate's Court, Bronx County. October, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⬅︎32—PROCEEDINGS TO REVOKE LETTERS TESTAMENTARY—PRELIMINARY QUESTION.

Where, in a proceeding brought by testator's widow to revoke the probate of a will and letters testamentary, the executor's answer puts in issue the question of petitioner's relationship to testator, and her right, under Code Civ. Proc. § 2569, in consequence of such relationship, to maintain the proceeding, such question should be determined before the merits of the proceeding are inquired into.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 191–212; Dec. Dig. ⬅︎32.]

2. JURY ⬅︎19—RIGHT TO JURY TRIAL—PROBATE PROCEEDINGS—ISSUE OF RELATIONSHIP.

Const. art. 1, § 2, provides that the trial by jury in all cases in which it has been heretofore used shall remain inviolate. Code Civ. Proc. § 2538, provides that, where any controverted issue of fact arises as to which a party has a constitutional right to a jury trial, the surrogate must, on demand, direct such trial. Code Civ. Proc. §§ 968, 1544, 1753, 1757, 1950, 1958, 2083, 2247, prescribe the actions in which issues are triable by jury, but make no mention of a proceeding to revoke a decree admitting a will to probate and letters testamentary issued pursuant thereto, wherein the relationship of the petitioner to the decedent is put in issue. *Held*, that the petitioner in such a proceeding had no right to trial by jury on the issue of such relationship.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 104–133; Dec. Dig. ⬅︎19.]

3. JURY ⬅︎12—RIGHT TO JURY TRIAL—CONSTITUTIONAL PROVISION—"HERETOFORE USED."

As used in Const. art. 1, § 2, providing that the trial by jury in all cases in which it has been heretofore used shall remain inviolate forever, the words "heretofore used" refer to the date of the adoption of the Constitution, and embrace all those cases in which the trial by jury was created, or specifically prescribed, by statute, and those where such right was recognized by the common law.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 27–34, 82, 99, 101, 103; Dec. Dig. ⬅︎12.]

In the matter of the application for the revocation of letters testamentary issued under the last will and testament of Henry Reinhardt, deceased. A jury trial on a controverted issue of fact was requested. Request denied.

Bernard J. Tinney, of New York City, for petitioner.
Edward J. Martin, of New York City, for respondent.

SCHULZ, S. The petitioner prays that a decree heretofore made admitting to probate an instrument propounded as the last will and testament of the decedent and the letters testamentary issued in accordance therewith be revoked, upon the grounds that the same were obtained by a false statement of a material fact, in that the proponent failed to state that the petitioner was the widow of the decedent, that he failed to cause a citation to be issued to the petitioner as provided

by law, and that he falsely stated that the testator left him surviving no widow.

[1] The executor interposed an answer, in which he raises an issue as to the relationship of the petitioner to the decedent. It thus becomes necessary to ascertain whether the petitioner is the widow of the decedent; for, if she is not such widow, then under the pleadings, to wit, the petition and the answer thereto, she cannot maintain the proceeding in question. Code Civ. Proc. § 2569. Whether the petitioner is the widow of the decedent is a preliminary question, and may and should in my judgment be determined before the merits of the proceeding itself are inquired into. Matter of Hamilton, 76 Hun, 200, 27 N. Y. Supp. 813; Matter of Wagner, 119 N. Y. 28, 23 N. E. 200; Matter of Comins, 9 App. Div. 492, 41 N. Y. Supp. 323; Matter of Thompson, 41 Misc. Rep. 223, 83 N. Y. Supp. 983; Matter of Peaslee, 73 Hun, 113, 25 N. Y. Supp. 940; Matter of Lord, 90 Misc. Rep. 222, 154 N. Y. Supp. 302.

[2] The petitioner claims that she is entitled, as a matter of right, to have the question of her relationship to the decedent tried by a jury. Section 2538 of the Code of Civil Procedure, in so far as material, provides:

"In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, * * * the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same."

The matter before me is a proceeding. Code Civ. Proc. §§ 2569, 2518, 2548. The controverted question, whether the petitioner is the wife of the decedent, is a question of fact. Story v. Williamsburgh Masonic Mutual Benefit Ass'n, 16 Wkly. Dig. 473, affirmed 95 N. Y. 474. The only question, then, remaining to be determined, is whether the petitioner has a constitutional right of the trial of this controverted question of fact by a jury.

[3] Const. (1894, in effect 1895) art. 1, § 2, so far as material, provides:

"The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever."

The words "heretofore used" in this section refer to the date of the adoption of this Constitution (Wynehamer v. People, 13 N. Y. 378), and embrace those cases in which the trial by jury was created or specifically prescribed by statute and those where such right was recognized by the common law.

Section 968 of the Code of Civil Procedure sets forth the actions in which issues are triable by a jury, and, in addition to the actions in this section specified, other actions and proceedings in which a jury trial exists as a matter of right are treated of in sections 1544, 1753, 1757, 1950, 1958, 2083, and 2247. The issue herein, however, is not referred to in any of the foregoing sections of the Code. Hence, though the cases and proceedings therein specified are triable before a jury by constitutional right, all of these sections having been in

force prior to the adoption of the Constitution of 1894, the petitioner herein has no right to a trial by jury of the issue involved in this matter by reason thereof.

I have been unable to find a case holding that the issue here presented has ever been submitted to a jury, except when it arose in a case which the parties were entitled to try by jury, such as an action for dower, nor has my attention been drawn to any such case by counsel. The authorities appear to me to be opposed to such a holding. Thus in Wood v. Platt, 57 Misc. Rep. 140, 108 N. Y. Supp. 948, on a motion for an order framing issues and directing a trial by jury, the court said:

> "The only issue raised by the pleadings in this action is whether the 'plaintiff was married to defendant on or about November 9, 1901. * * *' There is no authority for the submission of this issue to a jury upon this motion, and the practice of submitting any issue other than that of adultery to a jury in an action of this character has been distinctly disapproved by the Appellate Division of this Department"—citing numerous cases.

In an action for divorce the relationship of husband and wife must be established; hence, if controverted, and the parties were entitled to try that issue by jury, and insisted upon their right to do so, it should be so tried; but in that class of actions it has been uniformly held that the issue of adultery only is triable by jury as a matter of right because of a specific provision of law. Code Civ. Proc. § 1757; Horn v. Horn, 73 Misc. Rep. 14, 130 N. Y. Supp. 591.

The fact that in some actions triable by jury the issue of marriage is involved does not fix the right to have this issue tried by a jury, regardless of the action in which it arises. Wise v. Wise, 159 App. Div. 575, 144 N. Y. Supp. 649; Sands v. Kimbark, 27 N. Y. 147. I am of the opinion that the issue is not one of which the petitioner has a constitutional right of trial by jury, and so hold, thus agreeing with the conclusions reached upon a somewhat similar application in New York county. Matter of Bitter, 154 N. Y. Supp. 977.

The request for a jury trial is denied. So ordered.