(92 Misc. Rep. 136)

In re JUDSON et al.

In re SARGENT'S WILL.

(Surrogate's Court, Kings County. October, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⚖══22—TESTAMENTARY ADMINISTRATOR—RIGHT TO APPOINT.

Code Civ. Proc. § 2596, providing that a temporary administrator of the estate of one deceased may be appointed when for any cause delay necessarily occurs in the granting of letters testamentary or of letters of administration, or in probating a will, does not authorize appointment of a temporary administrator, where there is an executor or administrator whose right to letters appears, and who asserts that right, though an appeal is pending from a decree recognizing such right.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 116–127; Dec. Dig. ⚖══22.]

2. EXECUTORS AND ADMINISTRATORS ⚖══17—ADMINISTRATOR—RIGHT TO APPOINTMENT—WIDOW.

Where a widow has asked for administration, and on proof been found to have been the true wife of intestate, she has an absolute right to the office.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. ⚖══17.]

In the matter of the petition of Rockie Belle Judson and another to prove the last will and testament of Charles S. Sargent, late of the county of Kings, deceased. On application for appointment of temporary administrator. Application denied.

Andrew F. McNickle, of New York City, for proponents.
Frank X. McCaffry, of Brooklyn, for contestant.

KETCHAM, S. This is an application for the appointment of a temporary administrator of the decedent. A paper propounded as the will of said decedent has been denied probate, and an administrator of his estate has been appointed and has received letters of general administration.

The only authority in the books of this state which might suggest any merit in the present application is in the opinion of Mr. Justice

Benedict in People ex rel. Scofield v. Surrogate's Court, N. Y. L. J. May 28, 1915. In the case cited a writ of prohibition was sought to prevent the surrogate of Kings county from granting letters of administration upon the estate of an intestate to one who had been duly adjudicated to be his widow by a judgment of the Supreme Court in an action in which all proper parties were impleaded. Before the writ was asked for, and at a time while appeal from the judgment aforesaid was pending, the surrogate had decided that by virtue of the adjudication in her favor the appliant was entitled to the letters. The opinion of the learned justice was in full as follows:

"The application for an absolute writ of prohibition, based upon the alternative writ issued herein and dated the 14th day of May, 1915, directed to the Surrogate's Court of Kings county and Hon. Herbert T. Ketcham, surrogate of Kings county, and Jean Winifred Fitzsimmons, claiming to be the widow of Charles W. Scofield, deceased, must be denied. While it seems quite manifest that it would have comported more with the proprieties that a stranger should have been appointed temporary administrator of the estate of the decedent, under section 2596 of the Code of Civil Procedure rather than that the alleged widow whose rights are being contested should be permitted pending appeal to secure possession of the entire assets of the estate, consisting of dividend-paying or interest-bearing securities, by means of limited letters of administration issued under section 2557, when the sole purpose to be served will be to enable her to sell the securities at a loss of interest due to such sale, yet this court is without power under the circumstances to interfere. The discretion is vested in the surrogate, and he had jurisdiction to act upon the application. The Supreme Court cannot control the surrogate in matters within the limits of his jurisdiction, which rest in his discretion. The application is denied, without costs."

A judicial declaration that it would be proper for a surrogate to appoint a temporary administrator in a case where a person legally entitled to general administration was demanding her rights is significant. If it must be followed, it carries with it a small revolution. Of course, the expression was obiter dictum. It was not essential to the decision, for prohibition was refused, and it thus becomes only an unnecessary discovery of a personal conviction. But under the graces of life, which teach respect by one court for the judicial conduct and views of another, a gratuitous dictum must receive the utmost attention, in order that, on the one hand, it may be accepted if it accords with reason, or, on the other, that care be had lest under the shadow of a great name an evil be wrought in the law. Though in the opinion quoted, supra, there appears an impulse to characterize the action of another court, not only as error, but as a departure "from the proprieties," it still remains the happy duty of this court loyally to search and to hope for guidance, if it may be found in the language of the learned justice.

[1, 2] There is no such thing as the appointment of a temporary administrator, when there is an executor or administrator whose right to letters appears, and who asserts such right; nor does the pendency of an appeal from the decree, which recognizes such right, afford any reason for delay in the granting of letters to such executor or administrator. There is no scope for the exercise of any discretion by the surrogate, when a widow asks for administration and upon proof is found to have been the true and honorable wife of the intestate. In

such case she has the absolute right to the office. If there arises need to withhold or take away her right because of unfitness, or to restrain her in the conduct of her office, ample resources are afforded to an aggrieved party in the Surrogate's Court (Code Civ. Proc. § 2490, subds. 4, 5, 11; Id. §§ 2557, 2560, 2564, 2565, 2566, 2569, 2570, 2574), as well as in the equity jurisdiction of the Supreme Court.

This right, dependent only upon the fact which declares and supports it; is preserved in the only statute under which temporary administration may be had. Code Civ. Proc. § 2596. That section provides that a temporary administrator of the estate of one deceased may be appointed:

"1. When for any cause, delay necessarily occurs in the granting of letters testamentary or letters of administration, or in probating a will."

Other than this, there is no provision in the law, statutory or otherwise, affecting the appointment of a temporary administrator in the case of one known to have died, nor is it possible for the surrogate to grant temporary administration unless in a case defined and provided for in the section last quoted. The act of a surrogate in refusing to appoint a temporary administrator in a case where the administrator ordained by law is known and is demanding appointment, so far from a failure to "comport with the proprieties," is the only act which he can lawfully perform in the premises. His duty has nothing to do with "proprieties," if "proprieties" mean anything other than duty. The law is that he must appoint the administrator in chief.

In this case the adjudication has been reached that the decedent has died intestate, just as in the case cited it had been adjudged that the person seeking administration was the intestate's widow. In this case, as in that, every fact essential to the right of the applicant for administration appears by the conclusive effect of a final judgment. In this case, as in that, the applicant has been awarded her right upon proper procedure.

The application must be denied. If, pending the appeal, any restraint or regulation of the conduct of the administratrix becomes necessary, resort may be had to the provisions on the subject well known to those who know the law.

Application denied.