Matter of the Petition of John S. Griffith, for the Ascertainment of the Amount Due Him for Disbursements Made and Services Rendered by Him Between December 16, 1916, and February 7, 1918, as the Attorney and Counsel of George A. Dausey and Frank M. Cook, Executors and Trustees of the Will of William Dausey, Deceased, and for an Order Directing the Executors to Pay to the Petitioner the Ascertained Amount Out of Decedent's Estate, etc.

(Surrogate's Court, Kings County, May, 1918.)

Surrogate's Court — executors and administrators — constitutional law — trial — attorneys — services.

An executor has no constitutional right of trial by jury of the issues in a proceeding brought by an attorney in the Surrogate's Court to ascertain the value of services rendered by him to the executor for the benefit of the estate.

Proceedings by an attorney to ascertain the value of services rendered by him to executors for the benefit of the estate.

Edward J. Flanagan, for petitioner.

Marshall Snyder, for executors George A. Dausey and Frank M. Cook.

KETCHAM, S.   This is a proceeding by an attorney to ascertain the value of services rendered by him to the executors for the benefit of the estate and to obtain a direction that such ascertained amount be paid to him out of any property of the estate received by the executors.

The executors and all persons interested in the estate have been cited as parties to the proceeding. The executors interpose an answer, and demand that the issues raised by the petition and answer be tried by jury.  In support of this demand it is argued that this case is in analogy to an action to recover for services rendered.  But the likeness asserted fails when it is seen that the cause of action alleged is such that no action at law thereon would lie against any of the parties cited.  The executors are but nominal parties, against whom personally no recovery is sought, while the legatees have no relation to the attorney, contractual or otherwise, upon which a cause of action could be asserted, which would be triable by jury.  The determination of the amount due, if any, is only an incident to a decree that such amount be paid from the fund which beneficially belongs to persons who have no duty at law to pay the same.  Hence, as to none of the parties is there any question of fact of which there is a constitutional right of trial by jury.

The present case is like an action in which the same relief was sought, and such action would clearly lie in equity only.  It is not enough for the executors' demand that, if a case were brought for the recovery of the value of the services against a person who had promised to pay therefor, a right of jury trial would be had, for there could be no such case, since there is no such person.

The very reason for the existence of this proceeding is that the attorney has no adequate remedy at law,

Surrogate's Court, Kings County, May, 1918.   [Vol. 103.

and that he is, therefore, without relief unless it be in equity. *Matter of Rabell,* 175 App. Div. 345, 351, 352.

The executors have no constitutional right of trial by jury of the issues in this case, and their demand therefor is not granted.

Decreed accordingly.