In the Matter of the Petition of WALTER A. BRINGGOLD to Prove Heirship of Himself and Others to JAMES THOMPSON, Deceased.

EMMA H. MICHAEL and Others, Appellants; WALTER A. BRINGGOLD, Respondent.

Third Department, January 10, 1923.

Surrogate's Court — probate of heirship — jury trial may be had as of right under State Constitution, art. 1, § 2, and Code of Civil Procedure, §§ 2538 and 2766 (now Surr. Ct. Act, §§ 68, 312).

A jury trial of controverted questions of fact arising in proceedings for the probate of heirship may be had as of right in the Surrogate's Court, under the State Constitution, article 1, section 2, and the Code of Civil Procedure, sections 2538 and 2766 (now Surr. Ct. Act, §§ 68, 312).

APPEAL by Emma H. Michael and others from an order of the Surrogate's Court of the county of Montgomery, entered in the office of said Surrogate's Court on the 2d day of October, 1922, denying their application for a jury trial.

*Leary & Fullerton [Walter A. Fullerton* of counsel], for the appellants.

*Conover, Myers & Searle [John W. Searle* of counsel], for the respondent.

*Charles D. Newton, Attorney-General.*

H. T. KELLOGG, J.:

Controverted questions of fact arising in proceedings for the probate of heirship could not formerly be tried by a surrogate or a Surrogate's Court. Thus former section 2656 of the Code of Civil Procedure provided: " If it appears that there is a contest, respecting the heirship of a party, or respecting the share to which a party is entitled, as an heir of the decedent, the surrogate must dismiss the proceedings." (See Laws of 1880, chap. 178.) The provisions of revised Code section 2766, which were adopted in the year 1914, ordained otherwise. They are as follows: " Upon the

return of the citation, the Surrogate's Court must hear the allegations and proofs of the parties and determine all the issues raised." (See Laws of 1914, chap. 443; now Surr. Ct. Act. § 312.) The question arises whether issues raised in proceedings for the probate of heirship must be tried before a jury in Surrogate's Court. The present Constitution, which went into effect in the year 1895, contained this provision: " The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." (Art. 1, § 2.) Section 2538 of the Code of Civil Procedure provides as follows: " In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, * * * the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same. * * *" (See Laws of 1914, chap. 443, as amd. by Laws of 1915, chap. 275; now Surr. Ct. Act, § 68.) The rights of persons to inherit real estate, if questioned, could not when the present Constitution was adopted be determined by a surrogate or a Surrogate's Court. Such rights frequently were at issue and were determined in actions of ejectment or partition. Issues of title made in such actions were always triable by jury. Indeed, when the Constitution of 1895 was adopted, disputed questions of inheritance were determinable in no form of action and in no forum except by jury trial. It follows in this proceeding that a jury trial having been demanded, the order for such a trial should have been granted. This view is supported by the text books. Thus in Jessup-Redfield's Law and Practice in the Surrogates' Courts (p. 502) it is said: " But by the words ' the Surrogate's Court must hear * * * and determine ' instead of ' the Surrogate must ' we have the right to assume that section 2537* applies which gives the right, if seasonably demanded, to a jury trial of any issue or fact ' as to which any party has a right of trial by jury in any court.' " It is said in Heaton on the Surrogate's Court (3d ed. p. 1434): " With the complete jurisdiction and the right to a jury trial if demanded, the decree is made conclusive on all persons who were parties to the proceeding."

The order should be reversed, with ten dollars costs, and the proceedings remitted to the surrogate to make the appropriate order.

KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements against the respondent, and proceedings remitted to the surrogate to make an appropriate order for trial by jury.

---

* See Code Civ. Proc. § 2537, as amd. by Laws of 1914, chap. 443; now Surr. Ct. Act, § 67.— [REP.