In the Matter of the Estate of JAMES THOMPSON, Deceased. EMMA H. MICHAEL and Others, Appellants; ANDREW BRINGGOLD, Respondent.

Third Department, January 10, 1923.

Surrogate's Court — application to pay money out of State treasury to unknown heirs — jury trial is in discretion of surrogate under Code of Civil Procedure, § 2740 (now Surr. Ct. Act, § 272).

The right to a jury trial in proceedings to have money paid out of the State treasury to unknown heirs lies in the discretion of the surrogate under section 2740 of the Code of Civil Procedure (now Surr. Ct. Act, § 272), which provides that the Surrogate's Court *may* by directing the trial of an issue by a jury, ascertain the rights of the persons interested.

APPEAL by Emma H. Michael and others from an order of the Surrogate's Court of the county of Montgomery, entered in

the office of said Surrogate's Court on the 2d day of October, 1922, denying their application for a jury trial.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the appellants.

*Conover, Myers & Searle* [*John W. Searle* of counsel], for the respondent.

HASBROUCK, J.:

April 6, 1919, James Thompson, son of John Bringgold and his wife, Jane Thompson, having used his mother's patronymic, died intestate at Amsterdam, Montgomery county, leaving a fortune of $159,415.17.

In the absence of knowledge of any heirs the county treasurer administered upon the estate. After paying the inheritance taxes, debts and expenses of administration he paid the balance of $131,065.92 in accordance with the law into the State treasury. Some time during the year 1921 prior to May tenth, Andrew Bringgold of Bellingham, State of Washington, filed a petition in the Surrogate's Court of Montgomery county, under section 2740 of the Code of Civil Procedure, praying for an order that the Attorney-General and all persons interested in said estate should show cause why the money so deposited with the State Treasurer should not be paid over to the petitioner. Having learned later that there were other persons claiming an interest in the fund the petitioner filed a supplemental petition on February 27, 1922.

The supplemental petition was answered by the appellants Lewis Michael, Francis Michael, Emma H. Michael and Alpharetta Richardson denying the right of the petitioner to the fund and alleging that they are grandchildren of John Bringgold and the only heirs at law and next of kin of said James Thompson and demanding a jury trial and that a decree be made awarding them the $131,065.92.

The reply of the petitioner alleges that the appellants are children of an illegitmate daughter of John Bringgold and Barbara Spangler born while Jane Thompson, wife of John Bringgold, still lived undivorced.

The surrogate made an order September 25, 1922, denying the appellants' application for a jury trial and setting the proceeding for trial before the court.

The sole question here is whether the appellants are entitled to a jury trial as a matter of right. The statute under which it is demanded, section 2740 of the Code of Civil Procedure (now Surrogate's Court Act, § 272), provides as follows: "The Surro-

gate's Court * * * upon the petition of a person claiming to be so entitled * * * may by a reference, or by directing the trial of an issue by a jury, or otherwise, ascertain the rights of the persons interested."

The answer to the question depends upon the significance in the text of the word "may." The appellants contend that although the power conferred upon the surrogate by the statute is at least twofold, that of ordering a reference or a jury trial, the surrogate must upon demand of a party to the proceeding order a jury trial. The mere statement of the claim as above carries its own refutation. No authorities have been supplied by the appellants which tend to support their contention. Suppose the appellants had demanded a trial before a referee, would the right depend upon the demand? If it did, then whether the demand be made for a reference or for a trial by jury the court has no power to resist it. The statute, however, does not seem to be imperative in phraseology. "May" is susceptible we know of being read "must" where it is used in a statute to regulate the duties of a public official in reference to a public matter or to secure the public welfare. (*Hagadorn* v. *Raux*, 72 N. Y. 586.)

But where "may" is used in relation to private rights its significance should be held to be permissive only. (*Talmage* v. *Third Nat. Bank of City of N. Y.*, 91 N. Y. 538, 539; *Jenkins* v. *Putnam*, 106 id. 272.)

Section 2740 of the Code is not in antagonism with the sections relating to the trial of controverted questions of fact upon the probate of a will.

Section 2538 of the Code of Civil Procedure (now Surrogate's Court Act, § 68) provides: "In any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate *must* make an order directing the trial by jury * * * if any party * * * seasonably demands the same, and in any proceeding in which any controverted question of fact arises, of which any party has, or has not, constitutional right of trial by jury, the surrogate may, in his discretion, make such order without such demand." (*Matter of Carnright*, 180 App. Div. 21; Code Civ. Proc. § 2617; now Surr. Ct. Act. § 147.)

Where there is a controverted question of fact arising on the probate of a will and a demand for a jury trial is made, the surrogate's action is governed by the word "must." Where there is a controverted question of fact arising upon a petition to pay money out of the State treasury to unknown heirs the action of the surrogate is regulated by the word "may."

We think in the case at bar it not only rested with the surrogate

to say whether or not there should be a jury trial but whether there should be a reference or a trial before the court itself.

The order should be affirmed, with costs.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HASBROUCK and HINMAN, JJ.,

Order unanimously affirmed, with ten dollars costs and disbursements.