In the Matter of the Application for Letters of Administration on the Goods, Chattels and Credits of JAMES A. HAMILTON, Deceased.

ESTELLA HAMILTON, Appellant; ALEXANDER HAMILTON and Others, Respondents.

Second Department, May 13, 1927.

**Executors and administrators — revocation of letters of administration to sons of intestate — petitioner claims to be common-law wife of intestate — under State Constitution, art. 1, § 2, and Surrogate's Court Act, §§ 67 and 68, petitioner had absolute right to trial by jury of question whether she is widow.**

On an application to revoke letters of administration granted to the sons of the intestate, in which the petitioner claims to be the common-law wife of the intestate and entitled to administer his estate, which allegation is denied by the administrators, the sons of the intestate, the petitioner has, under section 2 of article 1 of the State Constitution and sections 67 and 68 of the Surrogate's Court Act, the absolute right to a trial by jury of the question whether or not she is the widow of the intestate.

APPEAL by the petitioner, Estella Hamilton, from a decree of the Surrogate's Court of the county of Nassau, entered in the office of said Surrogate's Court on the 22d day of September, 1926, denying petitioner's application for a jury trial and dismissing a proceeding brought by her to revoke letters of administration granted to the respondents upon the estate of James A. Hamilton, deceased.

*Abraham Weiss*, for the appellant.

*Charles N. Wysong*, for the respondents.

YOUNG, J. The petition alleges the death of James A. Hamilton on September 7, 1924, and that petitioner is his widow, and that he left no will. It also alleges the granting of letters of administration on the estate to the respondents, who are sons of the decedent, upon a petition therefor containing an allegation that decedent left him surviving no widow, which, it is alleged, is untrue, and that petitioner is the widow of decedent. The petition asks revocation of the letters of administration to the sons, and the issue of letters of administration to herself, or that she be made a coadministrator. The petition was verified on October 31, 1924.

This petition was accompanied by an affidavit verified on the same day. It tends to support the allegation contained in her petition that she is the widow of the decedent, and alleges that she was the common-law wife of decedent, there having been no ceremonial marriage. It also alleges that she reared and brought up the children of the decedent by his first wife, and that the two sons who obtained letters of administration knew all these facts.

A citation was issued on December 1, returnable December 10, 1924. By reason of non-service thereof, supplemental citations were issued, the last appearing in the record being the fourth supplemental citation, dated September 4, 1926, and returnable September 15, 1926.

The answer of respondents denies that appellant is the widow of decedent and alleges that the decedent left no widow him surviving.

The administrators moved to dismiss the proceeding for failure to prosecute the same. This motion was opposed by petitioner and a jury trial demanded, which was denied, and the case set down peremptorily for September 22, 1926, at which time the court granted respondents' motion to dismiss.

An order was entered on September 22, 1926, denying petitioner's motion for a jury trial and dismissing the proceeding, and petitioner has appealed.

The question presented by this appeal is whether petitioner has a right to a trial by jury of the issue as to whether or not she is the widow of decedent.

The solution of this question requires the construction of the language used in section 68 of the Surrogate's Court Act, which, so far as pertinent, is as follows: "In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, * * * the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same * * *."

This language must be read in connection with the constitutional provision that "The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." (N. Y. Const. art. 1, § 2.) It has been held that this refers to the date of the adoption of the Constitution, and embraces those cases in which a trial by jury was created or specifically prescribed by statute and in which such right was recognized by the common law. (*Matter of Reinhardt*, 92 Misc. 96.)

Section 68 (*supra*) has been construed in several cases. Thus it has been held that an objectant to an account has no right of trial by jury (*Matter of Stark*, 118 Misc. 240), nor one claiming to be an heir in a proceeding to have the State Treasurer pay over moneys to him. (*Matter of Thompson*, 204 App. Div. 182.) But the question of heirship is triable by jury as of right in a proceeding for the probate of heirship (*Matter of Bringgold* [*Thompson Estate*], 204 App. Div. 101); but not the issue of kinship of a son who sought to intervene in a probate proceeding and file objections to the will (*Matter of Bitter*, 154 N. Y. Supp. 975); nor the issue of widowhood on a petition to revoke probate. (*Matter of Reinhardt, supra*.) But an issue of title seems to be so triable as of right (*Matter of Fonda*, 201 App. Div. 780; *Matter of Heinze*, 224 N. Y. 1); though not where such question is of equitable cognizance (*Matter of Higgins*, 91 Misc. 387), nor in a discovery proceeding. (*Matter of Callahan*, 95 Misc. 438.) It has also been held that the merits of a claim against an estate must be tried by a jury on an accounting, if seasonably demanded. (*Matter of Stein*, 200 App. Div. 726.) But there seems to be some divergence of opinion as to this proposition. (*Matter of Crook*, 119 Misc. 643; *Matter of Harkness*, Id. 361; *Matter of Beare*, 122 id. 519.) It may not, however, be demanded as of right to fix the value of an attorney's services to the estate (*Matter of Griffith*, 103 Misc. 562), nor to have his lien and claim determined (*Matter of White*, 100 id. 56), nor to obtain the construction of a will. (*Matter of Coughlin*, 171 App. Div. 662.)

In *Matter of Cook* (244 N. Y. 63) it was held that the question whether an agreement, alleged to have been made by contestants with decedent not to contest her will, was procured by fraud, was not triable by jury as a matter of right; that it was a preliminary issue to be heard separate and apart from the probate proceedings and before the main contest (p. 72).

Section 67 of the Surrogate's Court Act provides that " Whenever in any proceeding in the Surrogate's Court, the order or decree of the court will determine any issue of fact as to which any party has a right of trial by jury in any court, such trial shall be deemed to be waived " unless seasonably demanded.  Conversely, if such jury trial is seasonably demanded as to any issue of fact where the party has a right to a jury trial of such issue " in any court," a jury trial must be granted.

The literal meaning of the language of sections 67 and 68 (*supra*) would seem to be that, where a party had a constitutional right to a jury trial of a certain issue in any court or in any form of action, and such issue arose in any proceeding in the Surrogate's Court, he might demand such trial by jury of that issue in the latter court as a matter of right.  This would be the extreme of liberal construction.  The extreme of strict construction would be to limit its application to cases where a party theretofore had a right to a jury trial in the Surrogate's Court.  Of course, this latter construction cannot for a moment be deemed to have been the legislative intent, because, if so construed, there would be no reason for its enactment.

It will be observed that the construction given to the language of section 68 by the above decisions stands between these two extremes, and seems to limit its application to those cases and issues where, prior to the enactment of the statute, a party would have had a constitutional right to a jury trial in an action analogous to the proceeding in the Surrogate's Court in which the issue arose. The test most frequently applied seems to be whether the relief sought would be of legal or equitable cognizance.  Another test is whether the issue involves the merits of the proceeding or is to be determined as a question preliminary to the trial on the merits. To apply these tests and the principles of the above authorities to the case at bar is not without difficulty.  I know of no form of action in which the relief sought in the proceeding at bar could be obtained.  The only form of action which bears any analogy to it is an action to admeasure dower, which presents the precise question of fact at issue in this proceeding and which is, of course, triable by a jury as of right.  Petitioner, therefore, had, within the meaning of section 67 (*supra*), " a right of trial by jury " in

the Supreme Court, in an action for dower, of the precise issue of fact which must be determined by the decree in the proceeding at bar. The action for dower involves real property; this proceeding, personalty, but I do not see that that fact should stand in the way.

It is contended by respondents that the issue is a preliminary one as to the status of the appellant to maintain the proceeding, citing *Matter of Reinhardt* (*supra*), involving the right of a widow to have the issue of her widowhood determined and the probate of a will revoked for fraud in alleging that decedent left no widow. While the issue in that case was the same as in the case at bar, it involved simply the right of the widow to become a party to the probate proceeding. Even though this issue were determined in her favor, it would not have followed that the will could not be probated. Such determination would simply give her an opportunity to be heard and to contest the probate, in which she might or might not be successful. It was, therefore, strictly a preliminary issue as to her status to be heard in the proceeding. In the case at bar, however, while the issue of widowhood involves appellant's status, it involves as well the merits of the proceeding. If successful, it will mean something more than that she is entitled to become a party and to contest the right of the respondents to administration; it will determine that she is absolutely entitled to administration. (*Matter of Judson*, 92 Misc. 136; *Matter of Shonts*, 191 App. Div. 427; reversed on other grounds, 229 N. Y. 374.) It might as well be said that the issue of widowhood is a question to be determined preliminary to the trial on the merits of an action for dower. Of course, if a plaintiff is not the widow of decedent, she cannot maintain dower, but it would be absurd to say that that issue did not involve the merits of a dower action. Aside from the incidental question of damages, it is frequently the only issue in dower. The same reasoning applies to the case of *Matter of Bitter* (*supra*), where one claiming to be decedent's son sought to intervene in a probate proceeding and file objections to the will, and his legitimacy was contested. That, of course, was an issue as to the petitioner's status and right to become a party to the proceeding, which had to be determined preliminary to a hearing on the merits.

None of these cases, therefore, seems to me to be controlling upon the precise question presented here. While it is by no means free from doubt, it is my opinion that this proceeding is analogous to an action for dower. That action involves the widow's interest in decedent's real property. This proceeding involves her right to administer and share in his personal estate. The issue is precisely

the same in the dower action and in this proceeding, and I think the petitioner has a right to a trial of that issue by a jury.

The order of the Surrogate's Court of Nassau county should be reversed upon the law, with ten dollars costs and disbursements, and petitioner's application for a jury trial granted, with ten dollars costs to appellant to abide the event, payable out of the estate.

KELLY, P. J., MANNING, KAPPER and HAGARTY, JJ., concur.

Order of the Surrogate's Court of Nassau county reversed upon the law, with ten dollars costs and disbursements, and petitioner's application for a jury trial granted, with ten dollars costs to appellant to abide the event, payable out of the estate.