In re BITTER'S ESTATE.

(Surrogate's Court, New York County.   June 1, 1915.)

1. WILLS ⊙⟿264—PROBATE—INTERVENTION.
    The status of one petitioning to intervene and file objections to a will offered for probate, on the ground that he is a son of the decedent, must be established before he is allowed to intervene.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 613; Dec. Dig. ⊙⟿264.]

2. JURY ⊙⟿19—TRIAL BY JURY—CONSTITUTIONAL PROVISIONS—PROBATE.
    Under Const. art. 1, § 2, declaring that the trial by jury in all cases in which it has been heretofore used shall remain inviolate, and Code Civ. Proc. § 2537, declaring that, whenever the order or decree of the court will determine an issue of fact as to which any party has a right of trial by jury in any court, such trial shall be had according to the practice of the court, one petitioning to intervene and file objections to a will offered for probate, on the ground that he was a son of the decedent, is not entitled to a trial of that issue by jury, but the issue is properly determinable by the court.
    [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 104–133; Dec. Dig. ⊙⟿19.]

Proceeding for the probate of the will of Karl Bitter, deceased, with petition to intervene and file objections thereto, opposed by the widow of the deceased. Matter set for hearing by the court.

George M. Clarke, of New York City, for Marie A. Bitter.

Charles Burlingham, of New York City, for proponent.

Jacquin Frank, of New York City, for contestant.

Harold C. Mitchell, of New York City, special guardian.

Roger Williams and George H. Emerson, both of New York City, pro se.

COHALAN, S.  The will of the decedent has been offered for probate, and the petitioner has asked permission to intervene and to file objections thereto. The petitioner alleges that he is a son of the decedent. The widow of the decedent has filed an answer, in which she denies that the petitioner is a son of the decedent, or that he is an heir at law or next of kin of the decedent. As the status of the petitioner must be established before he is allowed to intervene (Matter of Hamilton, 76 Hun, 200, 27 N. Y. Supp. 813), it is necessary to determine the question of his alleged relationship to the decedent.

[1, 2] Whether this issue should be determined upon a hearing before the court, or before the court and jury, is the preliminary question submitted to the court. Under section 2537, C. C. P., whenever the order or decree of the court will determine an issue of fact "as to which any party has a right of trial by jury in any court," such trial shall be had according to the practice of the court. Section 2, art. 1, of the Constitution of the state of New York provides that "the trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." I have been unable to discover any reported case in which an issue similar to that presented by the pleadings in this matter was tried by a jury prior to the adoption of the Constitution of 1846. I will therefore hold that the issue raised by the pleadings is not one of which the petitioner has a constitutional right of trial by jury. The matter will be set down for hearing before me on June 10, 1915, at 10:30 a. m.

Serve notice of hearing and file same, with proof of service thereof, with my secretary, on or before June 8, 1915.