In the Matter of the Estate of ADOLPH J. DAVIS, Deceased.

Surrogate's Court, New York County, March 22, 1930.

*White & Case* [*Dudley Miller* of counsel], for the proponent.

*Clark, Reynolds & Hinds* · [*Roger Hinds* of counsel], for the contestant Rena Davis.

*Eppstein & Hirshfield*, for the National Jewish Hospital.

FOLEY, S.   In this contested probate proceeding, a question arises as to the inclusion in the order framing the issues, to be submitted to the jury, of the issue relating to the disputed residence or domicile of the testator.   The answer filed by the contestant raises the usual grounds of lack of testamentary capacity, undue influence and inadequacy of execution of the will, and further alleges that the testator at the time of his death was domiciled in Paris, France. The contestant demands a jury trial of all these issues.

The proponent contends that the decedent was a resident of the county of New York and submits a proposed order herein containing the usual form of questions on the three main issues involving the validity of the will, with a provision for the reservation of the determination of domicile by the surrogate by a supplemental decree.

I hold there is no absolute right of trial by jury of the question of domicile and further that the discretionary power of the surrogate to order a jury trial of that issue should be denied under the circumstances of this case.   Not infrequently in probate contests preliminary questions arise as to the status of the parties, the jurisdiction of the court, or the question here involved, that of domicile.   These preliminary issues have been invariably determined by the surrogate without a jury.   In some cases, particularly where the status of an objectant, as a person entitled to contest, is involved, the issue is necessarily tried before the contest is brought on for trial.   With respect to the status of a person claiming to be interested, the Court of Appeals, in *Matter of Cook* (244 N. Y. 63, at p. 72), stated that this question is not for a jury as a matter of right, although section 68 of the Surrogate's Court Act authorizes a jury trial in the discretion of the surrogate.   In that case also the opinion pointed out that it is the uniform practice in the Surrogate's Court to dispose of these issues separate and apart from the probate proceedings.   In certain cases, where the status of the person interested does not involve his right to contest, for example, where there is partial intestacy in the estate, it has been the custom to reserve the determination of such questions until after the will

is admitted or denied probate. In such cases proper safeguards are ordered or decreed to prevent a distribution of the estate in advance of a determination by the surrogate.

The observation of the court in the *Cook* case is particularly applicable here, for it is pointed out· that the procedure for the separate trial of these issues "would seem necessary in order to simplify. the issues if the validity of a will is being tried out before a jury. Experience teaches that the issues for a jury should be as simple and as few as possible." Certainly the wisdom of that statement has been verified by the experience of the surrogates who have conducted numerous probate trials over a period of years. In the existing estate, it is not disputed that the decedent left personal property within the county of New York. That fact alone constitutes the basis of the jurisdiction of this court to entertain a proceeding for the probate of the will regardless of the legal domicile of the decedent, and specifically, whether he be a resident of the county of New York or of the city of Paris. Even if he were a resident of France, the proceeding is cognizable here and plainly within our statutory jurisdiction. (Surr. Ct. Act, § 45; *Matter of Rubens*, 128 App. Div. 626.)

In certain cases, circumstances may justify the trial of . the issue of domicile earlier in the probate proceeding and before the trial of the main issue by a jury. In most instances, however, in order to avoid delay and expense, it has been the practice in this court to reserve the determination of the issue of residence for a supplemental decree in the probate proceeding after the disposition by the jury of the issues affecting the validity of the will. Such was the method followed by me in *Matter of Lefevre* (137 Misc. 270), where a similar question arose. That procedure will be followed here. I will hear the disputed issue as to domicile as soon as the questions of execution, testamentary capacity and undue influence are determined in the jury trial.

The complexities of the issue of domicile, particularly in the application of the rules of law to the evidence bearing upon intent and conduct — *animus et factum* — of the person whose domicile is disputed, justify the denial, as a matter of discretion, of a jury trial of that question. (*Plant* v. *Harrison*, 52 App. Div. [First Dept.] 434.) The order submitted by the proponent has been signed. Proceed accordingly.