## In the Matter of the Estate of ABRAHAM I. ERLANGER, Deceased.[*]

Surrogate's Court, New York County, April 23, 1930.

*Isidor J. Kresel*, for the proponents.

*Max D. Steuer*, for the claimant, contestant.

*Aaron Lipper*, for certain legatees and beneficiaries.

FOLEY, S. A preliminary issue of status arises in this proceeding for the probate of the will. Charlotte F. Erlanger, or Charlotte Fixel, as the parties variously claim she is known, contends that she is the widow of the decedent by a common-law marriage. She filed objections to the probate of the will, which raised the usual questions of illegal execution, testamentary capacity, undue influence and fraud. Thereupon the proponents, in accordance with the usual practice, moved to strike out her objections on the ground

---

[*] Affd., 229 App. Div. 778.

that she was not the widow, and not a person interested in the estate. The question as to whether she was legally married to the decedent is, therefore, directly put in issue.

It has been the long-established practice in Surrogates' Courts to try the issue of the status of a claimant preliminarily to the trial of the validity of the will. If it be determined upon such preliminary trial that the claimant, or intervenor, is not entitled to contest, the objections are stricken out. If the claim of status be sustained, the probate contest is tried in due course. " Conflict of jurisdiction and delay in administration may thus be avoided." (*Matter of Davis*, 182 N. Y. 468, 472.)

In her objections and upon the return of the order to show cause, the claimant demanded a jury trial as to whether or not she is the lawful widow. It is contended by her that she is entitled to a trial by jury of that issue as a matter of constitutional right. If this absolute right be found not to exist, she urges that the discretion of the surrogate be exercised by the granting of the trial by jury pursuant to section 68 of the Surrogate's Court Act.

The application, both as of right and as a matter of discretion, is denied because no constitutional right of trial by jury of such an issue ever existed in this State; because the Court of Appeals has so held in its recent decision in *Matter of Cook* (244 N. Y. 63); because no claimant similarly situated to the alleged widow here has ever been accorded, in any reported case, a mandatory or discretionary jury trial in a will contest in the entire history of this State for the past one hundred and fifty years; because the Appellate Division in this Department has condemned the discretionary grant of a trial by jury of such issues in matrimonial actions, and because the unbroken rule of law in this State furnishes her a method of due process by an impartial trial of her claim before the surrogate, with the broadest review of his determination on appeal by the appellate courts.

(1) In my opinion there is no constitutional right of trial by jury of the issue raised before me. The Court of Appeals of this State decided in *Matter of Cook* (244 N. Y. 63) that a claimant whose status is disputed has not an absolute right to a trial by jury. Judge CRANE, writing for the court, there stated: " The surrogate must always determine on an application to probate a will who are the proper parties to be cited and who are entitled to contest. *These questions are not for a jury as a matter of right,* although section 68 authorizes a jury trial in the discretion of the surrogate. [Italics mine.] That these preliminary issues should be heard separate and apart from the probate proceedings and before the main contest, is not only justified by section 443, subdivision 3, of the Civil

Practice Act, but apparently has been the uniform practice in the Surrogates' Courts. (*Matter of Fox*, 166 App. Div. 718; *Matter of Comins*, 9 App. Div. 492; *Matter of McGarren*, 112 App. Div. 503; *Matter of Hamilton*, 76 Hun, 200; *Matter of Peaslee*, 73 Hun, 113; *Matter of Zimmerman*, 104 Misc. Rep. 516; *Matter of Guilford's Will*, 185 N. Y. Supp. 248.) Such procedure would seem necessary in order to simplify the issues if the validity of a will is being tried out before a jury. Experience teaches that the issues for a jury should be as simple and as few as possible." The finality of that clear statement should be sufficient here.

But the claimant attempts to distinguish her position because of her contention that a separate property right is asserted by her in the probate proceeding. She asserts that if her claim of a common-law marriage is established, and if the marriage is proven to have taken place after the date of the testamentary instrument offered for probate, the will was partially revoked under section 35 of the Decedent Estate Law (as amd. by Laws of 1919, chap. 293). (*Matter of Gaffken*, 197 App. Div. 257; affd., 233 N. Y. 688.) I find no support for that contention to justify the granting of a jury trial. The argument ignores the real nature of a probate proceeding in this court. The only question for determination under the statutes and practice is the validity of the paper offered as the will. Any other claims to property rights in the estate are immaterial in this proceeding. They must await the admission or rejection of the will. (*Matter of Davis, supra.*)

Counsel for the claimant contends that the decision of the Appellate Division, Second Department, in *Matter of Hamilton* (220 App. Div. 536) distinguishes *Matter of Cook (supra)*, and is authority for the mandatory right of a jury trial upon the issue of the marriage here. In the *Hamilton* case the application involved the revocation of letters of administration issued to the sons of the decedent and the determination of the right of the petitioner, who claimed as a common-law wife, to letters of administration. Upon a careful consideration of that opinion I find that it supports the conclusion reached here that there is no absolute right of trial by jury of the status of a person claiming to be interested in a will contest. The Appellate Division specifically recognized the scope of the decision of the Court of Appeals in the *Cook* case, cited above. The opinion states: " That, of course, was an issue as to the petitioner's status and right to become a party to the proceeding, which had to be determined preliminary to a hearing on the merits." At page 540 the decision proceeded to hold that while the precise question involved in that case was by no means free from doubt, the alleged widow's right to administer and share in the personal estate was

analogous to a dower action with " a right to a trial of that issue by a jury."

Upon the point actually decided, the *Hamilton* case is typical of the misunderstandings which have arisen since the Surrogates' Courts were granted jurisdiction to try issues with a jury by the revision of 1914. That innovation was a new grant of power to these courts. It could not, of course, create any new, absolute right to a jury trial upon any issue unless that right was guaranteed by the Constitution. Its purpose was to concentrate jurisdiction over decedents' estates in the Surrogates' Courts, to avoid double trials of probate contests and to prevent delays in the administration of an estate by the necessity of remitting issues, where constitutional right of trial by jury existed, to some other court. The new section enacted in 1914, which is now section 68 of the Surrogate's Court Act, provided that " In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury, * * * the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same, * * *." The present Constitution (Art. 1, § 2) provides: " The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." This guaranty continues the right of trial by jury in any case where it existed immediately prior to the adoption of the Constitution. (*Wynehamer* v. *People*, 13 N. Y. 378, 427; *Colon* v. *Lisk*, 153 id. 188, 193; *Matter of Wendell* v. *Lavin*, 246 id. 115, 124.) It embraced those cases in which the trial by jury was created or specifically prescribed by statute and those where such right was recognized by the common law. (*Matter of Reinhardt*, 92 Misc. 96.) It does not refer to particular cases but to " classes of cases." (*Sands* v. *Kimbark*, 27 N. Y. 147, 152.) In general, these various classes of cases in which a jury trial may be had as a matter of right are defined in the Civil Practice Act. These provisions were derived from the prior sections of the Code of Civil Procedure. Thus, section 425 of the Civil Practice Act contains the mandatory direction for a trial by jury in an action where the complaint demands judgment for a sum of money only, an action for ejectment, dower, waste, nuisance, or to recover a chattel. Other sections of the Civil Practice Act confer a right to jury trial in other forms of actions and special proceedings. None of these sections has any reference to the right of status involved in a probate proceeding or in an administration proceeding in the Surrogate's Court. The non-existence of such a right in the Surrogate's Court becomes clearer after a review of the history of the court. The origin, history, both colonial and State,

and the statutory jurisdiction of the court may be found in the masterly opinions of Judge DALY in *Matter of Brick* (15 Abb. Pr. 12); of Surrogate FOWLER in *Matter of Connell* (75 Misc. 574) and *Matter of Martin* (80 id. 17); of Surrogate WINGATE in *Matter of Morris* (134 id. 374), and the excellent historical review contained in Jessup-Redfield Surrogate's Courts. (See, also, *Matter of Runk*, 200 N. Y. 447, 454, and *Anderson* v. *Anderson*, 112 id. 104.) All of these sources emphasize the derivation of the jurisdiction of the Surrogate's Court in the process of time from the Ecclesiastical Courts of England, where a jury trial was unknown. Review over the latter courts was exercised by the Court of Chancery, but never by the common-law tribunals.

By reason of statutory authority, the Surrogates' Courts of this State had exclusive original jurisdiction to probate wills, both of real and personal property, ever since 1830. From that date the Supreme Court, as the successor of the Court of Chancery, never had any original jurisdiction of the probate of a will (*Anderson* v. *Anderson*, 112 N. Y. 104), except in the few instances where the instrument could not be proven in the Surrogates' Courts. These exceptions are now embodied in sections 200 to 206 of the Decedent Estate Law (as added by Laws of 1920, chap. 919). In this long period from 1830 to 1895 no constitutional right of trial by jury of the status of a contestant of a will was asserted in or recognized by any judicial decision. Since there was no authority for a jury in the Surrogates' Courts, these various preliminary questions of status were determined by the surrogate alone. (*Matter of Hamilton*, 76 Hun, 200.) An examination of the authorities fails to reveal a single reported case in the last century and a half which holds that there is an absolute right of trial by jury of the status of a person claiming a right to contest a will. The learned and experienced counsel for the claimant, who has vigorously contended for the existence of the right, has found none and I have been unable to discover any such decision. The decisions which have been reported deny a trial by jury on the issue of status. In *Matter of Bitter* (154 N. Y. Supp. 975, decided in 1915) Surrogate COHALAN denied a right of trial by jury on the issue of the status of an alleged son of the testator, and in *Matter of Reinhardt* (92 Misc. 96) Surrogate SCHULZ refused to grant a trial by jury to an alleged widow.

With due respect to the distinguished Appellate Division of the Second Department, I am of the opinion that its conclusion in the *Hamilton* case, that there is a constitutional right of trial by jury on the status of an alleged widow claiming to be appointed as the administratrix, is erroneous and directly contrary to the precedents

in the courts of this State. As far back as 1863 the Court of Appeals in *Devin* v. *Patchin* (26 N. Y. 441, at p. 447), held that it was beyond the power of the Supreme Court on appeal from a decree of the surrogate, involving the award of letters of administration to an alleged widow, to reverse and remit the matter for a jury trial in a common-law court. The law has not been changed since. The opinion states that in two proceedings only could a jury trial be ordered by the Supreme Court of a matter within the Surrogate's jurisdiction. These were the admission of a will to probate, or its denial of probate by the surrogate. In one of the prevailing opinions in *Devin* v. *Patchin* (*supra*), Judge BALCOM pointed out that the appellate court could not send a case back " for trial by a jury, unless there is a statute authorizing such a disposition of it." There was no such statute and the Court of Appeals reversed the Supreme Court in this respect and directed the remission of the proceeding to the surrogate.

The misunderstanding of the nature of the constitutional right of trial by jury in the Surrogates' Courts is also emphasized by certain decisions referred to in the *Hamilton* case which deal with accounting proceedings. The Second and Fourth Departments had sustained such a right. (*Matter of Boyle*, 216 App. Div. 726; *Matter of Beer*, 188 id. 894; *Matter of Stein*, 200 id. 726.) The First Department had denied it. (*Matter of Beare*, 122 Misc. 519; affd., 214 App. Div. 723.) This conflict was settled by the decision of the Court of Appeals in *Matter of Boyle* (242 N. Y. 342), which reversed the Second Department and sustained the rule laid down by the First Department. The basis of the decision of the Appellate Division in *Matter of Hamilton* is, in effect, the analogy between the rights of an alleged widow claiming letters or an intestate interest in the personal property of an estate and her right of dower. The test of the absolute right to a jury trial is not the existence of a property right, for many rights to property are cognizable only in equity which are determined after a non-jury trial. To say, therefore, that an intestate right in personal property in the Surrogates' Courts is similar to dower is to overlook the fundamental difference between the nature of the rights and the statutes that govern them. By reason of a specific statute (Civ. Prac. Act, § 425) the widow is and has been entitled to a jury trial in an action to admeasure her dower in a common-law court. No such right ever existed as to her status in the Surrogate's Court, which has had for years exclusive jurisdiction of the issuance of letters of administration. The real difference, therefore, between these rights is as fundamental as the difference between night and day or between equity and law, or between real and personal property. The estate here involves only

personal property, but even if it included real estate, no different conclusion could be reached. I accordingly hold that the *Hamilton* case has no application to the pending probate proceeding. The only question to be decided ultimately in this proceeding is the validity of the will offered for probate. The effect of any subsequent marriage upon that paper cannot be tried in this probate proceeding. If a construction is sought later, it must be of the will as duly admitted. "Probate logically precedes construction, for otherwise there is no will to construe." (*Matter of Davis*, 182 N. Y. 468, 475.) For the foregoing reasons the demand of the contestant for a trial by jury of the issue of her status as a constitutional right must be denied.

(2) After a careful consideration of the various arguments urged by counsel for the claimant for the grant of a jury trial of the issue of marriage in the discretion of the surrogate, I am of the opinion that such application should likewise be denied. No reported decision has been found in a period of a century and a half where a surrogate, or any other court in this State, has ordered such a trial on the preliminary issue of the status of a person claiming to be interested in the probate proceeding. The continuance of that long-established policy is based upon sound experience. Its preservation is of great importance to persons who make wills and to the beneficiaries of estates. In a proceeding where the question of status is raised it has been the custom of the surrogates to set the issue for an early trial before them (*Matter of Cook*, 244 N. Y. 63), whereby expense and delay are avoided. Inevitably a trial by jury of status would tend to postpone and delay the ultimate admission or rejection of the will and would enable persons whose status might never be legally established to harass the representatives and legatees and enforce settlements from those rightfully entitled to the estate. In the populous counties the Surrogates' Courts would soon be enmeshed in the perils of congested calendars and the evil results of the law's delay. Not infrequently cases arise where the preliminary status of more than one person is involved in a probate proceeding. Thus there may be two or more claimants as the wife of the decedent by alleged common-law or ceremonial marriage. There may be likewise contentions by other persons as children or other heirs of the testator. In one estate before me I had three women each claiming to be the lawful wife of the decedent. All these issues are now disposed of in a single trial by the court. Shall this expeditious system be changed? Shall the trial of the validity of the will be delayed for the separate trials by separate juries of these preliminary questions? Clearly no.

In matrimonial actions it has been the fixed policy of the Appel-

late Division of the First Department to forbid the discretionary grant of a jury trial upon any issue except the issue of adultery, where the right exists by virtue of a Statute. Thus the Appellate Division in *Bush* v. *Bush* (103 App. Div. 588) " disapproved " of the framing of an issue other than that of adultery, and in *Wilcox* v. *Wilcox* (116 id. 423) that court " condemned " a similar practice, and in the case of *Wood* v. *Platt* (57 Misc. 140) Justice SEABURY followed this rule of distinct disapproval by the Appellate Division and refused in his discretion to submit to the jury a question similar to that framed here as to whether the plaintiff was married to the defendant.

Certainly, if this practice should be condemned where both parties to the alleged marriage are living, it ought to be even more emphatically characterized and should be prohibited where one party is dead and the claim is asserted against his estate.

The advantages of the trial of the issue of marriage by the surrogate without a jury, as against a jury trial, become plain when the respective effects are studied. If a jury trial be permitted as a matter of discretion, the verdict is simply advisory. That course of procedure requires, first, the difficult problem of framing the questions to be submitted to the jury; next, the trial and special verdict; finally, the question of whether the surrogate shall accept the advisory verdict in the making of his own determination. On appeal, the questions of the admission or rejection of evidence by the trial court, and its weight in affecting the jury's verdict, must be considered. On the other hand, the trial by the surrogate, alone, involves the hearing of proof and the determination of the issue. An appeal may be taken to the Appellate Division. That appeal is subject to the broadest review for " the appellate court has the same power to decide the questions of fact, which the surrogate had; " it may in its discretion receive further testimony or documentary evidence. (Surr. Ct. Act, § 309.) This power of review is far broader than upon appeals from other determinations.

The issue here is no simple issue of fact. In the process of arriving at a determination of the issue of matrimonial status, various presumptions, oftentimes conflicting, must be applied to the facts. (*Matter of Meehan*, 150 App. Div. 681; *O'Gara* v. *Eisenlohr*, 38 N. Y. 296.) The application of these presumptions to the proofs, experience has shown, cannot be satisfactorily determined by laymen. Moreover, in the existing case these presumptions may not only be invoked, but further complications are involved. It appears to be undisputed that the decedent was the defendant in an action brought by his former wife wherein a judgment of absolute divorce was rendered against him in the Supreme Court of the State. That

judgment, it is claimed, and section 8 of the Domestic Relations Law (as amd. by Laws of 1919, chap. 265) prohibited him from remarrying in this State. If a valid common-law marriage is to be established by the claimant, the proponents assert that there must be proof of the foreign law, certainly of at least one State, or perhaps of other States or of foreign countries, in which the alleged common-law marriage was contracted. The foreign law, when proven, must be applied to the evidence of the alleged marriage agreement.

A trial by the surrogate will afford the claimant every lawful opportunity to establish her contentions. (*Matter of Kelly,* 238 N. Y. 71.) She is entitled to her day in court and to a determination of her claim that she is the lawful wife of the decedent. If she succeeds in establishing that status, she will be entitled to a jury trial upon the validity of the will.

The application, therefore, for a jury trial in the discretion of the surrogate on the pending issue is denied. The status of the claimant as a person interested in this probate proceeding will be tried by me on the 19th day of May, 1930, at ten-thirty A. M. Serve notice of hearing and file the same with proof of service with the clerk of this court on or before May 10, 1930.