In the Matter of the Estate of CHARLES E. MURTHA, JR., Deceased.

KATHRYN L. MURTHA, Appellant; GRAHAM MURTHA, et al., Respondents.

(Submitted May 9, 1932; decided July 19, 1932.)

*Frederick Hemley* and *Jesse Hemley* for appellant. The evidence warrants the finding that appellant was the common-law wife of decedent. (*Badger* v. *Badger,* 88 N. Y. 546; *Matter of Brown,* 252 N. Y. 366; *Hynes* v. *McDermott,* 91 N. Y. 451; *Gall* v. *Gall,* 114 N. Y. 109; *Matter of Haffner,* 254 N. Y. 238; *Matter of Crandall,* 214 App. Div. 363; *Leeds* v. *Joyce,* 202 App. Div. 696; 235 N. Y. 620; *Matter of Wells,* 123 App. Div. 79; 194 N. Y. 548; *Matter of Biersack,* 96 Misc. Rep. 161; 179 App. Div. 916; *Applegate* v. *Applegate,* 118 Misc. Rep. 359; *Wilson* v. *Burnett,* 105 Misc. Rep. 279; *Adger* v. *Ackerman,* 115 Fed. Rep. 124.)

*J. Charles Weschler* for respondents. Where a relation is meretricious in its beginning, it is presumed to continue so in the absence of clear and convincing proof of a subsequent marriage. (*Badger* v. *Badger,* 88 N. Y. 546; *Gall* v. *Gall,* 114 N. Y. 109; *Matter of Eichler,* 84 Misc. Rep. 668; *Hill* v. *Vroman,* 242 N. Y. 549.)

*Per Curiam.* Letters of administration were issued to Graham Murtha, a brother of deceased. Kathryn Lynch Murtha filed a petition in the Surrogate's Court, praying that the letters be revoked upon the ground that they were issued because of a false suggestion of a material fact, *i. e.,* that deceased did not leave a widow. Petitioner alleged that she is the surviving widow.

The issue was tried and the Surrogate found upon sufficient evidence that the petitioner and deceased had entered into a common-law marriage. The Appellate Division reversed the findings made by the Surrogate and denied the petition.

We are required to examine this evidence. (*Matter of Edge Ho Holding Corp.,* 256 N. Y. 374, 381; *Matter of Flagler,* 248 N. Y. 415.)

After such examination, we are satisfied that the Surrogate, who saw the witnesses and heard the testimony, was justified in making the decision embodied in the decree.

The question is purely one of fact and it would serve no useful purpose to review the evidence.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division payable out of the estate.

POUND, Ch. J., CRANE, KELLOGG, HUBBS and CROUCH, JJ., concur; LEHMAN and O'BRIEN, JJ., dissent.

Ordered accordingly.