In the Matter of the Estate of EDGAR S. APPLEBY, Deceased.

Surrogate's Court, New York County, April 13, 1937.

*Irving Ben Cooper*, for the petitioner Sonia Greenova.

*Lawrence R. Condon*, for the respondents.

FOLEY, S. The motion for a trial by jury of the issues created by the claim of Sonia Greenova as the common-law wife of the testator is denied in the exercise of the discretion of the surrogate and as a matter of law. (*Matter of Cook*, 244 N. Y. 63; *Matter of Erlanger*, 136 Misc. 784; affd., 229 App. Div. 778.) The petitioner is not entitled as a matter of constitutional right to a trial by jury. To enable the petitioner to exercise the right of election given to a surviving spouse under section 18 of the Decedent Estate Law, to take against the will, she must first establish that she is the widow of the testator. The question of the status of the petitioner as the widow of the testator is, therefore, a preliminary issue determinable by the court alone under its equitable powers and jurisdiction. Moreover, it has been the long-established policy of the courts of this State to refuse to exercise their discretion in favor of jury trials upon such issues. The practice of granting jury trials as a matter of discretion has been disapproved, condemned and even forbidden. (*Matter of Erlanger, supra; Bush* v. *Bush*, 103 App. Div. 588; *Wilcox* v. *Wilcox*, 116 id. 423; *Wood* v. *Platt*, 57 Misc. 140.)

There has never been any great difficulty in the determination of this type of issue by the court without a jury. Where the evidence tends to prove the marriage the trial court has sustained it and the appellate courts have uniformly approved such determination. (*Matter of Murtha*, 259 N. Y. 456; *Matter of Haffner*, 254 id. 238; *Boyd* v. *Boyd*, 252 id. 422; *Matter of Kelly*, 238 id. 71; *Matter of Cofer*, 119 Misc. 587; affd., 206 App. Div. 657; affd., 237 N. Y. 512.) In *Boyd* v. *Boyd* (*supra*) the Court of Appeals recognized the advantage the court of first instance has in the trial, without a jury, of an issue such as this. It stated: " Face to face with living witnesses the original trier of the facts holds a position of advantage from which appellate judges are excluded. In doubtful cases the exercise of his power of observation often proves the most accurate method of ascertaining the truth."

A fair and expeditious trial may be had without a jury with the least amount of delay.

Submit order denying the motion accordingly.