Christopher C. McGrath, S.
This is a proceeding by the executors for a determination of the alleged widow’s right of election to take against testator’s will pursuant to section 18 of the Decedent Estate Law and of her demand to be accorded the rights of a surviving spouse under section 200 of the Surrogate’s Court Act. Respondent’s answer alleges that she is the decedent’s widow and she has filed a demand for a jury trial of the issues raised by the pleadings.
*632 The executors oppose the granting of the respondent’s demand for a jury trial as not warranted under section 68 of the Surrogate’s Court Act, either constitutionally or in the exercise of the Surrogate’s discretion.
The court holds that the respondent is not entitled as a matter of right to a jury trial of the issues involved herein (Matter of Cook, 244 N. Y. 63, 72; Matter of Rogers, 250 App. Div. 26, motion for leave to appeal denied 274 N. Y. 642; Matter of Erlanger, 136 Misc. 784, affd. 229 App. Div. 778; Potter v. Ricca, 111 N. Y. S. 2d 489; Matter of Appleby, 163 Misc. 71; Matter of Potter, N. Y. L. J., Sept. 16, 1953, p. 445, col. 1).
Respondent relies on Matter of Hamilton (220 App. Div. 536) as authority for her position that she is entitled to a jury trial of the issues herein. In Matter of Erlanger (supra) the court discussed at length the authorities applicable to a jury demand and the affirmance of that case appears to have eliminated Matter of Hamilton (supra) as an authority so far as this department is concerned (Matter of Vaccarela, N. Y. L. J., July 22, 1947, p. 125, col. 6).
The demand for a jury trial is therefore denied as a matter - of law and in the exercise of the court’s discretion. This matter is set down for hearing on the 22nd day of October, 1956. Serve and file notice of hearing on or before the 17th day of October, 1956.
Settle order.