Harry G. Herman, S.
On January 17, 1962, Andrew Fernandez was appointed administrator of the goods of the *150 above-named decedent on his petition alleging that he was the husband of the deceased and her only distributee. He asserted in a supporting affidavit that he and the deceased had lived together as husband and wife for more than 30 years.
In March of 1962 the petitioners, a sister and brother, claiming to be grandchildren of the deceased, made an application to vacate the decree awarding letters of administration to Fernandez on the ground that he was not the husband of the deceased and that letters of administration should be issued to the petitioners as the sole distributees of the decedent. Fernandez, by his answer, denied that the petitioners were related to the decedent.
The question to be determined at this time is whether the two alleged grandchildren are entitled to a jury trial as requested in their petition on the issue as to whether or not Fernandez was the husband of the deceased.
The alleged right to a trial by jury is predicated on the decision in Matter of Hamilton (220 App. Div. 536). In that case the alleged widow of decedent sought to vacate a decree awarding letters of administration theretofore issued to two sons of the decedent and requested that letters be issued to her, or that she be appointed as a coadministrator. The petition by the sons for letters of administration had alleged that the decedent left him surviving no widow. The petition of the alleged wife stated that she had reared the children of the decedent by his first wife and that the sons who had obtained letters of administration knew of these facts. The decision of the Appellate Division reversed an order of the Surrogate denying the motion of the alleged widow for a trial by jury and held that the petitioner was entitled to a trial by jury as a matter of right on the issue as to her alleged common-law marriage to decedent.
In Matter of Erlanger (136 Misc. 784, affd. 229 App. Div. 778) the late Surrogate Foley criticized the holding in the Hamilton case upon the authority of Devin v. Patchin (26 N. Y. 441, 447) where the Court of Appeals had held that it was beyond the power of the Supreme Court on an appeal from a decree of the Surrogate involving an award of letters of administration to an alleged widow, to reverse and remit the matter for a jury trial in a common-law court. Matter of Erlanger (supra), however, merely involved the right of an alleged common-law widow to a trial by jury on the issue as to her status in a. probate proceeding, and followed the holding in Matter of Cook (244 N. Y. 63) which held that a claimant whose status was disputed had no absolute right to a trial by jury, in such a proceeding.
*151 The court accordingly determines that the alleged grandchildren of the decedent are entitled to a jury trial as a matter of right on the issue as to whether or not the respondent is the common-law husband of the decedent (Matter of Hamilton, supra). Since there also is an issue as to whether or not the petitioners are grandchildren of decedent a jury trial will also be directed as to this issue.