S. Samuel Di Falco, S.
In a proceeding for leave to sell certain personal property of the decedent, this is a motion by the respondent Christa Ruthe Fay for a trial by jury as to the issue of her status and the status of Violet Josephine Buck as distributees of the estate; for separate trials of these issues and for the adjournment of the trial concerning her status.
It appears that the request for adjournment of the trial has been withdrawn since the parties have entered into a stipulation setting the trial down for June 27, 1972. Furthermore, all parties agree and this court is in accord with the request for separate trials of the status of movant and respondent Buck. Accordingly, that branch of the motion which requests separate trials is granted and the trial of the status of Christa Ruthe Fay shall take place on the agreed date and shall be prior to any trial of the status of the other respondent.
*52 That branch of the motion as requests a jury trial of the issues of status is denied. The court is of the opinion that movant has no constitutional right to a jury trial on the issues of whether she was the wife of the decedent or whether the other respondent is a distributee of the estate (Matter of Erlanger, 136 Misc. 784, affd. 229 App. Div. 778; Matter of Adler, 3 Misc 2d 631; Matter of Appleby, 163 Misc. 71; Matter of Reinhardt, 92 Misc. 96; Matter of Beck, N. Y. L. J., May 13, 1970, p. 18, col. 4; Matter of Vaccarela, N. Y. L. J., July 22, 1947, p. 125, col. 6). In Matter of Erlanger (supra), the late Surrogate Foley carefully considered jurisdiction of the Surrogate’s Court and the right to jury trial therein. He pointed out that trial by jury in the Surrogate’s Court was introduced in the Code of Civil Procedure by the revisers in 1914. (See Report of Commission to Revise Practice and Procedure in Surrogate’s Court [1914], §§ 2538 and 2539.) Long prior to 1914 the Surrogates had jurisdiction to determine the necessary parties in a special proceeding, the status of a widow, her right to participate in the distribution of the estate, and her right to serve as a fiduciary (Jessup’s Surrogate’s Practice [4th ed., 1912], § 96, p. 94). The right of the court to determine interests was said to be limited to personal property (id).
In Matter of Hamilton (76 Hun 200), the question was whether appellant was the widow of decedent and entitled to take part in a probate proceeding. The court said (p. 204): “It is a very familiar rule in the conduct of a trial of cases, particularly those in the nature of equity proceedings, where there is a preliminary question as to the right of one of the parties either to bring the action or to intervene as a defendant, to try such question and to determine the status of the parties before attempting to pass upon the final rights in respect to which the action is brought. Such is the foundation of almost all interlocutory judgments in equity actions, except those entered upon demurrers.
“ In actions for a partnership accounting, it is familiar practice where the partnership is denied, as to one of the parties, to first try the question of partnership before allowing such party claiming to be a partner to vex the court and the other parties to the litigation with his presence in a controversy in which he may have no interest ’ ’. The same rule was applied in a probate proceeding.
In Matter of McGarren (112 App. Div. 503 [1906]) a lady whose marriage had been annulled by judgment sought revocation of letters of administration upon the estate of her former husband. A question arose as to the validity of the annul *53 ment. The Surrogate had expressed some doubt as to his authority to pass upon the validity of a judgment of the Supreme Court. The Appellate Division ruled that the Surrogate did have the power to determine the validity of the judgment and the status of the petitioner, pointing out that the Surrogate’s authority to rule upon such questions was upheld in Kerr v. Kerr (41 N. Y. 272) and in Matter of Kimball (155 N. Y. 62).
The late Surrogate Delehakty, in a scholarly opinion, reviewed the right to jury trial in the Surrogate’s Court in a decision which was unanimously affirmed in the Appellate Division and in the Court of Appeals (Matter of Leary, 175 Misc. 254, affd. 260 App. Div. 1000, affd. 285 N. Y. 693). Citing the text of the New York State Constitutions of 1846, 1894 and 1938, Surrogate Delehanty clearly showed (p. 256) that the effect of the text of the Constitutions “is to continue the constitutional guaranty of jury trial only in the degree that such jury trials were assured prior to the adoption of the 1938 Constitution. Unless, therefore, the state of the law was such as to entitle petitioner here to a jury trial in 1894 there is now no constitutional right to such a trial ”.
Under existing statutes, as well as under earlier forms of the statutes, there is no right to trial by jury in the Surrogate’s Court (except in a probate proceeding) unless the right is a constitutional right which the Legislature is powerless to deny (SCPA 502, subd. 1). The reference in the statute to a right to trial by jury in a proceeding in which a person has a constitutional right of trial by jury is, as Professor Siegel has pointed out, merely a reminder and not a grant of any right (McKinney’s Cons. Laws of N. Y., Book 58A, Practice Commentary, § 502).
In the pending case, the question of status arose in a proceeding for permission to sell a co-operative apartment at a stated price. The respondent originally opposed the sale of the property. She claims to be the widow of the decedent by virtue of a common-law marriage and to be entitled to his entire intestate estate and, in addition, claimed the co-operative apartment by virtue of a gift from the decedent. She asked that the maintenance charges be paid pending a determination of her rights. It is patent that if she succeeded in either of her contentions, she would be entitled to the property. Her claim of gift would have a more solid base if made between husband and wife. While the issues were being framed, the market for co-operatives declined and the favorable contract was lost. When a new buyer was found, though at a lower sales price, the respondent was willing to consent to a sale of the property, but she *54 still asserts her rights to the proceeds and to the entire estate of the decedent. The sale was without prejudice to her rights. She may be entitled to the entire proceeds as donee or as sole distributee or she may have no right at all to any part of the proceeds. Meanwhile another person claiming status as distributee has intervened to claim an interest. The intervenor has no standing at all if the decedent was validly married to the respondent. The fundamental question, therefore, is the right of the respondent to remain as a party to this proceeding and to receive the proceeds of the sale. There is also the question of the intervenor’s right to remain as a party and to share in the proceeds.
The court accordingly holds that the Surrogate’s Court has from ancient times had jurisdiction to determine the necessary parties to a proceeding and their right to share in the estate. There has never been any right to a jury trial of the preliminary question and the respondent has no right to a trial by jury on this issue.
Insofar as the application for a jury trial is addressed to the discretion of the court, it is- denied. It is to be noted that the movant did not make demand for a jury trial in her answer. Inasmuch-as the court has determined that movant has no right to a jury trial, the question of waiver is not necessary to the determination of the motion.