Evans V. Brewster, S.
Decedent died June 3, 1974. On June 27, 1974 partially limited letters of administration were issued to the respondent, a sister of the decedent, who in her *212 petition for letters stated that decedent’s only distributees were herself and another sister. Petitioner, claiming to be decedent’s widow as the result of a common-law marriage, asks the court to revoke the issuance of said letters. Respondent’s answer puts into issue petitioner’s status of being decedent’s widow. The petitioner has filed a demand for a jury trial.
Before the court is a motion by the respondent to vacate the demand for a jury trial.
This question has previously been considered by many courts with results that have not always been consistent. The statutory authority for a trial by jury is SCPA 502 which provides in part as follows:
"1 Right to jury trial. A party is entitled to trial by jury in any proceeding in which * * * any party has a constitutional right of trial by jury * * *
"6 Advisory jury. The court may submit any issue of fact to an advisory jury as provided in the CPLR.”
In deciding whether the petitioner is entitled to a jury trial as a matter of right, the court must determine whether "a constitutional right of trial by jury” exists.
Since 1846 and until 1938, the year our present Constitution was adopted, the text which guaranteed trial by jury said: "The trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever.” (Matter of Leary, 175 Misc 254, affd 260 App Div 1000, affd 285 NY 693.) The text in our present Constitution (NY Const, art I, § 2) states: "Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever”. The result of the last quoted language is to continue the constitutional guarantee of jury trial only to the degree that such jury trials were authorized prior to the 1938 Constitution. Therefore, if the petitioner was not entitled under the law to a jury trial prior to 1938, there would now not be any such right to such a trial (Matter of Leary, supra). Trial by jury, in the Surrogate’s Court was introduced into the Code of Civil Procedure in 1914 (L 1914, ch 443, § 2538; Matter of Erlanger, 136 Misc 784, affd 229 App Div 778). For another historical background to the question see Matter of Luria (63 Misc 2d 675).
The great majority of the cases hold that a jury trial is not appropriate to determine the status of an individual (Devin v Patchin, 26 NY 441; Matter of Cook, 244 NY 63; Matter of *213 Fay, 70 Misc 2d 51, affd 41 AD2d 703; Matter of Adler, 3 Misc 2d 631; Matter of Manning, 136 NYS2d 591; Matter of Thompson, 72 NYS2d 429; Matter of Bitter, 154 NYS 975; Matter of Reinhardt, 92 Misc 96; Matter of Beck, NYLJ, May 13, 1970, p 18, col 4).
In Devin v Patchin (supra) the respondent, alleging to be the widow of the decedent, appealed to the Supreme Court from so much of decree as declared she was not the widow in connection with an application for letters of administration. The Supreme Court reversed the Surrogate’s decree and ordered a jury to be impaneled to determine whether she was the widow. This judgment was appealed to the Court of Appeals which reversed the decision of the Supreme Court directing the jury but agreed with the Supreme Court that respondent was in fact the widow and entitled to letters. The court stated (p 447):
"That court [Supreme Court] cannot send a case brought into it by appeal from a Surrogate’s Court, to a Circuit Court, for a trial by a jury, unless there is a statute authorizing such a disposition of it, or unless that court proceeds in such cases according to the course of the civil law.
"I have previously said there is no statute conferring such authority on that court; and I am of the opinion proceedings in appeals from the decrees of surrogates are now so much controlled by statute and common law rules, that it cannot be said the Supreme Court proceeds on such appeals according to the course of the civil law.”
Matter of Reinhardt (supra)-was an application to determine status of a widow. The court said (p 99): "I have been unable to find a case holding that the issue here presented has ever been submitted to a jury, except when it arose in a case which the parties were entitled to try by jury, such as an action for dower, nor has my attention been drawn to any such case by counsel. The authorities appear to me to be opposed to such a holding.”
Contrary authority is found in Matter of Hamilton (220 App Div 536), wherein the Appellate Division, Second Department, allowed a demand for a jury by an alleged widow who had brought an application for the revocation of letters of administration which had been issued to the respondents, sons of the decedent. The court expressed some doubt as to its position when it said (p 540): "While it is by no means free from doubt, it is my opinion that this proceeding is analogous to an action *214 for dower. That action involves the widow’s interest in decedent’s real property. This proceeding involves her right to administer and share in his personal estate.”
On Matter of Hamilton, the court in Matter of Erlanger (supra, p 786) stated: "Upon a careful consideration of that opinion [Matter of Hamilton] I find that it supports the conclusion reached here that there is no absolute right of trial by jury of the status of a person claiming to be interested in a will contest.” The courts in Matter of Thompson (supra) and Matter of Adler (supra) have indicated their refusal to follow Matter of Hamilton (supra).
In Matter of Lopez (36 Misc 2d 149) the court upon the authority of Matter of Hamilton (supra) granted a jury trial to determine status of a husband who had previously been issued letters of administration in an application to revoke his letters by two alleged grandchildren. The court (p 150) makes reference to the contrary opinion in Matter of Erlanger (supra). In distinguishing it the court stated: "Matter of Erlanger (supra), however, merely involved the right of an alleged common-law widow to a trial by jury on the issue as to her status in a probate proceeding, and followed the holding in Matter of Cook (244 NY 63)”.
It is difficult for this court to concur with the rationale of Matter of Hamilton (supra) and Matter of Lopez (supra) which attempted to draw a distinction between a status hearing in a probate proceeding and one for letters of administration, for is not the determination of the status of a widow in a probate proceeding indirectly the determination of a property right? While her objections to the probate of the will may eventually be dismissed, a right of election, if valid, would permit her to share in the estate. Noticeably in Matter of Hamilton (supra) the court stated its result was not free from doubt. The precedent and reasoning of the Court of Appeals decisions in Matter of Cook (supra) and Devin v Patchin (supra) are persuasive and provide guidance in the resolution of the present motion.
This court concurs with the reasons expressed by Surrogate Foley in denying a jury request in Matter of Erlanger (136 Misc 784, 785, supra): "The application, both as of right and as a matter of discretion, is denied because no constitutional right of trial by jury of such an issue ever existed in this State; because the Court of Appeals has so held in its recent decision in Matter of Cook (244 NY 63); because no claimant *215 similarly situated to the alleged widow here has ever been accorded, in any reported case, a mandatory or discretionary jury trial in a will contest in the entire history of this State for the past one hundred and fifty years; because the Appellate Division in this Department [First] has condemned the discretionary grant of a trial by jury of such issues in matrimonial actions, and because the unbroken rule of law in this State furnishes her a method of due process by an impartial trial of her claim before the surrogate, with the broadest review of his determination on appeal by the appellate courts.”
In the exercise of its discretion, the court declines to permit a trial with an advisory jury (Matter of Fay, supra; Matter of Appleby, 163 Misc 71; Matter of Manning, supra; Matter of Alexander, 132 NYS2d 399; Matter of Erlanger, supra).
Motion to vacate the demand for a jury trial is granted.