■    In the Matter of the Estate of BARTHOLOMEW D. RUGGIERO, Deceased. FRANCES R. RUGGIERO, Appellant; NANCY A. CODELLA, Respondent.— In a proceeding to revoke partially limited letters of administration, petitioner appeals from an order of the Surrogate's Court, Westchester County, dated May 16, 1975, which granted respondent's motion to vacate petitioner's demand for a jury trial. Order affirmed, with $50 costs and disbursements. This appeal presents the issue of the right to a trial by jury (demanded by petitioner) in a proceeding to revoke letters of administration granted to a sister of the deceased. Petitioner's claim to standing is premised on the contention that she was the common-law wife of the decedent, and is now his widow. This claim, in turn, is based on the allegation that she and the intestate spent some time in Rhode Island (which recognizes such status) and held themselves out therein to be man and wife. With few exceptions, the courts of this State have held that a jury trial is not available to test out the status of an individual under such circumstances (see *Devin v Patchin,* 26 NY 441; *Matter of Cook,* 244 NY 63; *Matter of Fay,* 70 Misc 2d 51, affd 41 AD2d 703; *Matter of Bitter,* 154 NYS 975; *Matter of Reinhardt,* 92 Misc 96). Unfortunately, one of the exceptions—and one on which petitioner mainly relies—is set forth in the case of *Matter of Hamilton* (220 App Div 536), decided in this Department in 1927. There, a woman who claimed to be the widow of the decedent not only petitioned for revocation of letters of administration granted to another (as petitioner does here) but asked, also, that letters of administration be granted to her (which relief petitioner at bar is not now seeking). In granting her a trial by jury on the issue, this court said (p 540): "While it is by no means free from doubt, it is my opinion that this proceeding is analogous to an action for dower. That action involves the widow's interest in decedent's real property. This proceeding involves her right to administer and share in his personal estate. The issue is precisely the same in the dower action and in this proceeding, and I think the petitioner has a right to a trial of that issue by a jury." The rationale of *Hamilton (supra)* has been questioned on many occasions. We think the time has come to make a declaration that we decline to follow its reasoning and to give it, together with its progeny, its quietus (see, e.g., *Matter of Lopez,* 231 NYS2d 428) on the issue of a trial by jury involving a question of status. The most trenchant attack on *Hamilton (supra)* sprang from the pen of Surrogate Foley in *Matter of Erlanger* (136 Misc 784, affd 229 App Div 778). There a claimant in a probate proceeding appeared as the alleged common-law spouse of the decedent. When a motion was made to strike out certain objections which had been raised, a demand for a jury trial with regard to those objections was filed. As to this demand, the Surrogate said (p 785): "The application, both as of right and as a matter of discretion, is denied because no constitutional right of trial by jury of such an issue ever existed in this State; because the Court of Appeals has so held in its recent decision in *Matter of Cook* (244 N.Y. 63); because no

claimant similarly situated to the alleged widow here has ever been accorded, in any reported case, a mandatory or discretionary jury trial in a will contest in the entire history of this State for the past one hundred and fifty years; because the Appellate Division in this Department has condemned the discretionary grant of a trial by jury of such issues in matrimonial actions, and because the unbroken rule of law in this State furnishes her a method of due process by an impartial trial of her claim before the surrogate, with the broadest review of his determination on appeal by the appellate courts." And with specific reference to *Hamilton (supra)*, he noted (pp 788-789): "With due respect to the distinguished Appellate Division of the Second Department, I am of the opinion that its conclusion in the *Hamilton* case, that there is a constitutional right of trial by jury on the status of an alleged widow claiming to be appointed as the administratrix, is erroneous and directly contrary to the precedents in the courts of this state. As far back as 1863 the Court of Appeals in *Devin v. Patchin,* 26 N.Y. 441, at p. 447, held that it was beyond the power of the Supreme Court on appeal from a decree of the surrogate, involving the award of letters of administration to an alleged widow, to reverse and remit the matter for a jury trial in a common-law court. The law has not been changed since." Nor can petitioner derive any comfort from the State Constitution, which states (art I, § 2): "Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever". Pursuant to that mandate, the Surrogate's Court Procedure Act (SCPA 502, subd 1) reads: "A party is entitled to trial by jury in any proceedings in which * * * any party has a constitutional right of trial by jury". It was not until 1914 (L 1914, ch 443) that juries were permitted in the Surrogate's Court. They were permitted in order to prevent multiplicity of procedures. Before 1914, if a jury trial was indicated, the proceeding was transferred to the Supreme Court or County Court for trial. The types of cases triable by a jury were severely limited and did not, and do not, include a claim such as that under discussion (see *Devin v Patchin,* 26 NY 441, *supra).* Historically, the Surrogate's Court is a remote offspring of the ecclesiastical courts of England, wherein trial by jury was unknown. As pointed out by Surrogate Delehanty in *Matter of Leary* (175 Misc 254, 256, affd 260 App Div 1000, affd 285 NY 693), a reverse discovery proceeding to recover property from the estate's representative, in which a jury trial was demanded: "All of the proceedings in this court are special proceedings. * * * The distinction is a governing one as the cited cases show. The presumption is that no jury trial of a special proceeding in this court is available to the parties unless specially provided by statute." The sweeping effect of this statement was somewhat diluted in *Matter of Garfield* (14 NY2d 251). There the court said that when an attorney sued in the Surrogate's Court to recover for the value of legal services performed, the executrix was entitled, on demand, to a jury trial. As Judge Scileppi tersely put it, in concurring with the majority (p 266): "The parties in effect waived the accounting proceeding, consenting to a trial limited to the contested claim. If the claim were sued on in the Supreme Court, the parties would be entitled to a jury trial; why not so in this case?" In that instance the action was one at law, but, irrespective of forum, if a person has a claim triable by jury, he may have it in the Surrogate's Court (if jurisdiction has attached) or in the Supreme Court. That being so, is not the converse true? If petitioner could have sued in the Supreme Court for the equitable relief now sought, she would have had to forego a jury. Why should not the same result obtain if she seeks equitable relief in the Surrogate's Court, as she has done here? CPLR 4101 sets forth

those fact issues which are triable by a jury. The Practice Commentary enlarges upon that list by setting forth other factual issues which are triable by a jury in particular actions as they are set forth in various statutes. Nowhere among them does a proceeding to revoke letters appear. Moreover, as therein noted, "The basic distinction as found in Colonial and English law is that there was a right to a jury trial in an action at law and no such right in an equity action. Although the separate forms of actions have been abolished, this distinction is still controlling" (Cunningham and Sullivan, Practice Commentaries, McKinney's Cons Laws of NY, CPLR 4101, Book 7B, pp 91-92). Accordingly, we affirm the order of the Surrogate's Court, which granted the motion of the administratrix to vacate the petitioner's demand for a trial by jury. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Hawkins, JJ., concur. [82 Misc 2d 211.]