*938 OPINION OF THE COURT
William J. Regan, S.
The objectant has demanded a jury trial with respect to the execution of an antenuptial agreement entered between Nancy Arnold Dwyer Santillo, the objectant herein, and the decedent, Michael Santillo, Jr., said instrument dated December 1,1975.
SCPA 502 (subd 1) provides a right to a jury trial in "any proceeding in which any controverted question of fact arises as to which any party has a constitutional right of trial by jury and in any proceeding for the probate of a will in which such question of fact arises, if duly demanded.”
The issues of fact which are raised by the objectant concern the execution of the antenuptial agreement and are preliminary to the actual probate proceeding. The issue to be determined is whether or not the objectant has standing to object in this proceeding by virtue of the provisions of the antenuptial agreement. The Court of Appeals has held that alleged contestants are not entitled to a jury trial as to the issue of whether they have standing to contest, that is, whether or not the agreements made by them are binding upon them and remove them from the probate proceeding. (Matter of Cook, 244 NY 63; see, also, Matter of Erlanger, 136 Misc 784, affd 229 App Div 778; Matter of Davis, 136 Misc 400; Matter of Ruggiero, 82 Misc 2d 211, affd 51 AD2d 969.)
Contestant’s contention that an independent determination of the antenuptial agreement mandates the right to a jury trial by reason, among others, of the impact it may have on her possible right of election, is without merit. Questions pertaining to the right of election shall be determined by the Surrogate’s Court having jurisdiction of the decedent’s estate and such proceedings may be had thereon as directed by that court. (EPTL 5-1.1, subd [d], par [5].)
The right to trial by jury is a constitutional one preserved in those instances where it had heretofore existed in the Constitutions adopted in 1846 and 1894. There is no expansion of such right in the present Constitution. All proceedings in the Surrogate’s Court are "special proceedings” and the presumption is that no trial by jury is available unless provided by statute. As indicated in Potter v Ricca (111 NYS2d 489), trial by jury was unknown in Surrogate’s Court until statutory provisions were made for it. The character of the instant *939 proceeding is equitable and is not one in which a constitutional right to trial by jury inheres in the nature of the issues raised.
The court, therefore, based on statute and case law, hereby denies contestant’s demand for a jury trial with respect to the execution of the antenuptial agreement which has been placed in issue and the hearing thereon will proceed without a jury as scheduled.