OPINION OF THE COURT
John M. Thomas, S.
Before the court are cross petitions for letters of administration in the estate of David R. Fish.
*929 The history leading to the filing of these two conflicting petitions is that after the death of David R. Fish on June 4, 1984 a petition for probate of Mr. Fish’s last will and testament dated May 14, 1980 was offered by Roy D. Fish and a now-deceased sister, Lorena Randall, who were the named fiduciaries in that instrument. After objections to probate were filed by the remaining distributees in Mr. Fish’s estate, a trial by jury resulted in the denial of probate. Preliminary letters had been granted, however, on December 21, 1984 to Lorena Randall and Roy D. Fish. Acting under those letters, the assets of the estate were marshaled, bills were paid, a TT-102, resident affidavit, was filed and fiduciary returns were filed.
Roy Fish is one of the petitioners now before the court and the other petition is brought by Jeanette Schafenberg, a sister of the deceased, and a person of equal right to letters of administration.
Before the court is the demand of Jeanette Schafenberg that the issue of which party is to be granted letters of administration be submitted to a jury and Roy Fish’s motion to vacate that demand. Mrs. Schafenberg’s position is based on SCPA 502 (1) and her constitutional rights to trial by jury.
SCPA 502 (1) provides that a party is entitled to a trial by jury in any proceeding for the probate of a will where a question of fact is raised or where any party has a constitutional right to trial by jury. The proceeding for the probate of David Fish’s will has already been tried by this court which terminated in a jury verdict for the objectant and a decree denying probate. Therefore, that portion of SCPA 502 (1) relating to the right to trial by jury by reason of a probate proceeding is not applicable. (See, Matter of Krom, 86 AD2d 689.)
Turning to the contention of the petitioner, Jeanette Schafenberg, that she is entitled to a trial by jury on the issue of the qualifications of the opposing petitioners by reason of her constitutional right, the present Constitution of the State of New York was adopted in 1938 and therein the text at article I, § 2 states: "Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever”. Thus stated, the right to trial by jury is guaranteed to the same degree as authorized prior to the 1938 Constitution. Reference, therefore, must be had to decisional common law in order to determine whether there *930 exists the right to trial by jury in the instant case. The nature of the proceeding and the surrounding circumstances must be considered by the court in analyzing the question in relation to the prior judicial decisions.
The petitioner, Schafenberg, cites two principal cases in her argument for trial by jury, Matter of Lopez (36 Misc 2d 149) and Matter of Garfield (14 NY2d 251). In the Lopez case, the court, grounding its decision on Matter of Hamilton (220 App Div 536), granted a jury trial to determine the status of a husband who had previously been issued letters of administration in an application to revoke his letters by two alleged grandchildren, who claimed that the husband was not married to the decedent at the time of her death. In Matter of Hamilton (supra), the court granted a trial by jury to an alleged widow on her application for revocation of letters of administration previously granted to the sons of the decedent. Both of these cases relate to the status of the fiduciaries as true distributees of the deceased. A more accurate statement of the law in New York regarding status is set forth in Matter of Ruggiero (82 Misc 2d 211, affd 51 AD2d 969). There Surrogate Brewster granted a motion to vacate the demand for a jury trial brought by an alleged common-law widow seeking to revoke limited letters of administration issued to a sister of the decedent. The Appellate Division, Second Department, in its unanimous affirmation of Surrogate Brewster’s decision, stated (at 969): "The rationale of Hamilton (supra) has been questioned on many occasions. We think the time has come to make a declaration that we decline to follow its reasoning and to give it, together with its progeny, its quietus (see, e.g., Matter of Lopez, 231 NYS2d 428) on the issue of a trial by jury involving a question of status.” In Matter of Garfield (14 NY2d 251, supra) the court granted the demand for trial by jury of an executrix who was being sued by the attorney for the estate for services rendered. The court reasoned that if the trial was limited to that contested claim and the attorney had chosen to bring the action in Supreme Court, a right to trial by jury would have existed and therefore should exist in Surrogate’s Court. The substance and nature of the action in Garfield is in no way relevant to the issue now before the court and is therefore without merit as a citation in this proceeding.
The question in this proceeding is not status, but the *931 respective qualifications of the opposing petitioners for letters of administration. There is no dispute that both petitioners are the legitimate distributees of the deceased and under the law have equal status to administer the estate. Turning to those cases which more nearly relate to the question before the court, we find Matter of Mastro (100 Misc 2d 866), wherein the court found there was no right to trial by jury in a proceeding which objected to the decedent’s daughter and son-in-law as estate fiduciaries based upon their alleged dishonesty, improvidence, want of understanding, fraud and undue influence. The court, after a review of the constitutional background, concluded the right to trial by jury did not exist prior to the 1938 Constitution and therefore coüld not be demanded now. Additionally, the court declined to act with an advisory jury. See also, In re Thompson’s Estate (72 NYS2d 429) where the mother of the decedent opposed the appointment of the husband of her daughter as administrator on the basis that he was not her lawful husband, had abandoned, neglected and refused to provide for her. There the mother, in her demand for trial by jury, was rejected by the court. Similarly, in In re Rosenbergs’ Estate (130 NYS2d 316), involving a contested guardianship proceeding, in which the court had to determine the respective qualifications of those persons seeking letters of guardianship, the court held there was no right to trial by jury.
In analyzing the fundamental issues of this dispute, first we must recognize that it is obvious that under the provisions of the law, both statutory and decisional, in order for a trial by jury to be held, there first must appear to be a controverted question of fact (Matter of Pinkney, 117 Misc 262). The question of the respective qualifications of the opposing parties and who would be the most appropriate fiduciary for the estate of David Fish is not a question of an absolute nature. It is a question of judgment and discretion, of evaluating the circumstances and the character of the parties involved to ascertain their fitness or lack of it to act in a fiduciary capacity. The proper resolution of the question not only necessitates the subjective judgment of the qualities of the opposing persons, but also a thorough knowledge of the responsibilities of the office of administrator and the characteristics and talents that should necessarily be present in any fiduciary. Clearly this is *932 a question for the court to decide and not a simplistic question of fact for a jury.
Both on the law and the circumstances, motion to vacate the demand for jury trial is granted and in the exercise of its discretion, the court declines to grant petitioner’s request for discretionary jury, whose opinion would only be advisory.