OPINION OF THE COURT
Lee L. Holzman, J.
In this proceeding to receive the proceeds of causes of action arising from decedent’s death and to judicially account therefor, petitioner also seeks to bar decedent’s husband from receiving any distributive interest in the recovery on the ground that he abandoned decedent (EPTL 5-1.2 [a] [5]). Re *138 spondent spouse has filed objections to the account insofar as it alleges that he abandoned decedent and seeks to bar him from a distribution of the net proceeds of the settlement. Moreover, objectant has demanded a jury trial of his objections. Although petitioner has not opposed the demand for jury trial, the guardian ad litem appointed to represent the interest of decedent’s infant son opposes the application. The parties have not presented any case which discusses the right to a jury trial in a proceeding to distribute the proceeds of a negligence action.
NY Constitution, article I, § 2 establishes the foundation for the right to jury trial in New York. The statute governing the right to jury trial in the Surrogate’s Court is SCPA 502 (1), which provides that a party is entitled to trial by jury "in any proceeding in which any controverted question of fact arises as to which any party has a constitutional right of trial by jury and in any proceeding for the probate of a will in which such question of fact arises, if duly demanded.” The law is clearly settled that it is the nature and substance of the claim and not the court or the nature of the proceeding in which said claim is advanced which governs the right to a jury trial (Matter of Mastro, 100 Misc 2d 866). The courts have consistently held that "In each instance it must be determined whether the nature and substance of the relief requested is in law or in equity” (Matter of Luria, 63 Misc 2d 675, 682). If the relief requested is one traditionally cognizable in law and included among those causes where jury trial is historically mandated by the Constitution or by statute, a jury trial must be had on demand. On the other hand, if the relief sought is traditionally cognizable in equity, then no right to jury trial exists since none was available at common law (O’Brien v Fitzgerald, 143 NY 377; Van Rensselaer v Van Rensselaer, 113 NY 207; Matter of Ruggiero, 51 AD2d 969; Matter of Fay, 70 Misc 2d 51, affd 41 AD2d 703; Matter of Luria, supra).
In view of the above principles, the right to jury trial has consistently been held to obtain in proceedings involving issues such as probate that are legal in nature but not to such fundamentally equitable issues as status, kinship, domicile, and right of election (Matter of Luria, supra; Matter of Adler, 3 Misc 2d 631; Matter of Erlanger, 136 Misc 784, affd 229 App Div 778; Matter of Davis, 136 Misc 400). In Matter of Ruggiero (supra) the Appellate Division definitively overruled all lingering precedents to the contrary with respect to the issue of status in an estate. The court held categorically that previous *139 decisions to the contrary (i.e., Matter of Hamilton, 220 App Div 536) were no longer controlling and stated that "We think the time has come to make a declaration that we decline to follow its reasoning and to give it, together with its progeny, its quietus * * * on the issue of a trial by jury involving a question of status” (Matter of Ruggiero, supra, at 969). Accordingly, it is now well settled that a jury trial is not appropriate to determine the status of an individual in an estate.
Although respondent’s pleadings are denominated as objections to the account of the fiduciary, the principal issue presented is that of respondent’s status as decedent’s surviving spouse. Upon the basis of all of the foregoing, it is concluded that respondent has. no constitutional or statutory right to a jury trial on the issue of his status as surviving spouse of the decedent and his concomitant right to share in the estate (Matter of Cook, 244 NY 63; Matter of Ruggiero, supra; Matter of Fay, supra; Matter of Erlanger, supra). Accordingly, the application for a trial by jury is denied. The objections to the account are set down for a hearing on April 27. 1988.